## El Pueblo v. Eligier et al.

### Apelación procedente de la Corte de Distrito de Arecibo.

No. 62.   Resuelto en noviembre 20, 1905.

Pruebas.—Confesión del acusado.—Testimonio de referencia.—La confesión que del delito hubiere hecho el acusado á otras personas, puede ser presentada como prueba en contra de él, y el testimonio de tales personas, sobre la referida confesión, no puede estimarse como prueba de referencia, ni está comprendido en la prohibición contenida en el art. 7 del Código de Enjuiciamiento Criminal.

Pruebas.—Apelación.—Pliego de excepciones.—Relación de hechos.—Para que el Tribunal pueda discutir, en una apelación, la alegación de que el veredicto y la sentencia no están justificados por el resultado de la prueba practicada en el juicio, es necesario que ésta se someta á su consideración por medio de un pliego de excepciones ó relación de hechos, y en su defecto se presumirá que la prueba es suficiente para justificar el veredicto y la sentencia.

Id.—Notas taquigráficas.—Minutas de la Corte.—Autos.—Aún cuando las notas del taquígrafo constituyan *prima facie* las minutas de la Corte, éstas nunca han comprendido en su significación las declaraciones testificales, por lo que no pueden ser consideradas como pliego de excepciones ó relación de hechos, ni pueden usarse en sustitución de estos últimos, ni tiene, tampoco, la expresión *minutas*, la misma acepción que la de *autos*.

Id.—Instrucciones de la Corte al Jurado.—Cuestiones en relación con las mismas.—Las disposiciones del artículo 300 del Código de Enjuiciamiento Criminal no tienen referencia á los hechos probados en el juicio, ni á las declaraciones testificales, sino exclusivamente á las instrucciones de la Corte al jurado y á aquellas cuestiones que surjan en relación con las mismas.

Id.—Su objeto.—Pliego de excepciones.—Relación de hechos.—Las notas del taquígrafo deben contener una relación fiel de todos los procedimientos que tengan lugar en el juicio y deben consultarse al preparar el pliego de excepciones, ó la relación de hechos, la que sólo debe contener una breve exposición de todos los hechos probados en el juicio, ya por prueba documental ó testifical, y debe estar firmada por los abogados de ambas partes, si fuere posible, y aprobada por el Juez.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Largué*.

Abogado del apelado: *Sr. Rossy, Fiscal*.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Los apelantes en esta causa fueron acusados por el Fiscal de la Corte de Distrito de Arecibo en unión de Pablo

Fernández (a) "Botella," por el delito de robo, y cele-brado el juicio, Fernandez fué absuelto, y los apelantes condenados á sufrir cada uno seis años de presidio. Por conducto de su abogado don Simón Largé interpusieron apelación para ante este Tribunal en el que se presentó la causa el 19 de agosto último. En ella se encuentra un pliego de excepciones preparado en debida forma y una transcripción de las notas del taquígrafo que compren-den 36 páginas y en la que se detalla el testimonio de cada testigo por medio de preguntas y respuestas, certificadas dichas notas por el taquígrafo Francisco Montilla que en la certificación expresa que la copia concuerda exacta-mente con las notas taquigráficas tomadas por él durante el juicio oral de la causa.

En su alegato, presentado en forma ante este Tribunal el abogado de los apelantes hace las siguientes alegacio-nes:

1.—Que siendo de referencia las declaraciones de Mi-guel Angel Balseiro y Oscar Bithorn, no deberían haber-se admitido en el juicio oral ni tomado en cuenta al dic-tarse el veredicto; citando en apoyo de su alegación el ar-tículo 7 del Código de Enjuiciamiento Criminal que dis-pone que á ninguna persona podrá obligársele á declarar en contra suya en un proceso criminal.

Las declaraciones de los testigos Balseiro y Bithorn se refieren á confesiones que les hiciera el acusado y no están comprendidas en la prohibición contenida en el ar-tículo 7 del Código de Enjuiciamiento Criminal, ni son declaraciones de referencia. Este punto ha sido discutido ampliamente y resuelto en 25 de junio de 1904 en la causa contra Francisco Rivera, en la que se hacía referencia á un número suficiente de autoridades, incluyendo entre otras la obra de derecho de Cooley sobre Limitaciones Constitucionales, página 379 á 383 inclusives, y la de Greenleaf sobre prueba ó evidencia, artículos 214 y 215.

Con respecto á este punto no juzgamos necesario citar
otras autoridades.  Claramente se ve que la alegación no
es buena y que ha sido presentada á virtud de una erró-
nea apreciación de la ley.

La segunda alegación del abogado de los apelantes es
que la prueba practicada en el juicio es completamente
insuficiente para en ella basar un veredicto y sentencia.
Para que este Tribunal pudiera considerar esta alegación
sería necesario que tuviera ante sí en debida forma, los
hechos probados en el juicio incluídos ya en un pliego
de excepciones ó ya en una exposición de hechos, siendo
preferible la última.  Las notas taquigráficas no pueden
considerarse como exposición de hechos ó pliego de ex-
cepciones, ni pueden usarse en sustitución de una ú otra.
El Código de Enjuiciamiento Criminal nada dice con res-
pecto al taquígrafo ó á sus notas, pero en el artículo 300
del mismo se hace referencia á casos en que el tribunal
dé instrucciones al jurado y dichas instrucciones hayan
sido tomadas por relatores (reporters) expresándose que
no habrá necesidad de oponer excepciones á los puntos
aducidos en dichas instrucciones ni de incluirlas en un
pliego de excepciones, pero las instrucciones escritas ó la
nota del relator con los endosos en que se consigne la reso-
lución del tribunal formarán parte de los autos, y que
cualquier error en la resolución del Tribunal con respecto
á los mismos podrá utilizarse en una apelación de igual
modo que si se hubiere presentado en un pliego de excep-
ciones.  Este artículo no hace referencia alguna á los he-
chos probados en el juicio ó á las declaraciones de los
testigos, sino únicamente á las instrucciones dadas por
la corte al jurado.

La primera vez que en nuestros estatutos se ha hablado
del "taquígrafo" es en la ley de 10 de marzo de 1904,
titulada "Ley creando las plazas de taquígrafos (steno-
grafo) de los Tribunales de Distrito, determinando sus

deberes y fijando sus sueldos y compensaciones.'' Véase el tomo de leyes de 1904, páginas 110, 111, 112. Según esta ley el taquígrafo es un funcionario del Tribunal que ha de prestar el juramento prescrito para los funcionarios judiciales y consignar una fianza por la suma de cinco mil dollars que le garantice en el fiel desempeño de sus deberes, percibiendo un sueldo anual de mil doscientos dollars. Evidentemente se le considera como funcionario de categoría y responsabilidad considerable. En la ley se le denomina ''reporter'' ó relator, y se le exige que tome correctamente en taquigrafía todos los procedimientos orales que ocurran en los Tribunales y las declaraciones tomadas en todos los casos que se vean ante los mismos teniendo las partes el derecho, con la autorización del juez, de renunciar á los servicios del taquígrafo en cualquier caso. Se le exige además al taquígrafo que entregue las relaciones (récord) y notas tomadas por él al Secretario de la Corte de Distrito del distrito en que se tomaron dichas notas y se celebró el juicio. Véanse las secciones 3 y 4 de la ley citada anteriormente.

En la sección 5a. de la ley se determina que ''dicha copia del récord constituirá *prima facie* las minutas del juicio, y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revision ó apelación en los casos en que las minutas del tribunal sean necesarias.

Sin hacer referencia á los usos que pueden hacerse ante el tribunal inferior de las notas taquigráficas arriba mencionadas, tenemos que considerar el valor ó eficacia que puedan tener ante este Tribunal en recurso de revisión ó apelación. El párrafo de la ley últimamente citado muestra que dichas notas taquigráficas constituyen *prima facie* las minutas del juicio. En las minutas del tribunal jamás se han incluído las declaraciones de los testigos. La palabra ''minutes'', (minuta) se define en

el Diccionario de Bouvier, tomo II, página 418, como
sigue:

> "*En la práctica.*—Es un memorandum de lo que tiene lugar en
> el Tribunal, preparado por orden del Tribunal.  De estas minutas
> se forma más tarde el récord.
>
> "Las minutas no se consideran parte del record.  No es el objeto
> de las minutas del Secretario expresar las cuestiones de derecho que
> surjan durante un juicio y que hayan sido resueltas por el Tribunal.
> Se hace referencia á las siguientes resoluciones: 1 Ohio 261; 23
> Pick 184; 94 N. Y. 514; 80 Conn. 377; 34 La. A 369."

Los tomos originales de las sentencias dictadas en estos
casos no están á mano; pero la definición muestra que el
término *minutas* no es sinónimo de récord (autos) y que
las notas taquigráficas de que nos venimos ocupando
pueden constituir las minutas del tribunal sin que se
usen ó consideren como una exposición de hechos; y real-
mente no son una exposición de hechos.  Las notas taqui-
gráficas son ó deben ser, una fiel transcripción de todo lo
que ocurre en el tribunal inferior y cuando se escriban
en caracteres corrientes y se archiven en la Secretaría del
Tribunal son útiles como referencia al determinar cuáles
fueron las resoluciones del tribunal, cuáles las cuestiones
planteadas por los abogados y las excepciones tomadas
con respecto á la admisión ó denegación de pruebas, ú
otras resoluciones dictadas por la corte durante la cele-
bración del juicio.  El término *minutas* se encuen-
tra también definido detenidamente con referencia á las
autoridades en 15 American & English Encyclopedia of
Law (1st. Ed. ) P. 618 como sigue:

> "*Minutas.*—(Véanse también apuntes; Autos; funcionarios públi-
> cos; Tiempo.)—La relación breve y escrita de los procedimientos de un
> Tribunal, ó cualquier asamblea ó sociedad.  El Secretario de un Tri-
> bunal debe poner por escrito los procedimientos del Tribunal, en
> apuntes que necesariamente han de resultar cortos y breves.  El
> hace estos apuntes ordinariamente en un libro de minutas llamado
> "el docket", de cuyo contenido se prepara más tarde un "record"

(relación) completo, extenso é inteligible. Pero hasta que puedan ser preparados estos breves apuntes, deben ser considerados como un record, y si en el interín, por fallecimiento ó enfermedad del Secretario, ú otra casualidad, fueran perdidos, tal pérdida debe considerarse como la pérdida de los récords, y podrá presentarse prueba secundaria de su contenido. Dichos apuntes son conocidos con el nombre de "las minutas del Tribunal", ó "las minutas del Secretario." Cuando las minutas estén inscritas completamente en el libro de órdenes ó registro propiamente así llamado, y estén firmadas por el Juez, entonces constituyen los verdaderos "records" del Tribunal; mientras no estén firmadas por el Juez, no pueden ser consideradas propiamente como el récord: Las minutas del Secretario no pueden utilizarse para indicar las cuestiones de derecho planteadas en el acto del juicio, ó para ampliar ó determinar los fundamentos de un fallo; el caso, tal como ha sido resuelto por el Juez, debe predominar como constancia de lo que tuvo lugar en esa época. Pero está bien establecido el que el Tribunal tiene el derecho de corregir sus minutas de modo que se ajusten á la verdad, mediante una relación correcta de los hechos, en cualquier tiempo, aún después de la apelación, especialmente cuando esto se haga en sesión pública del Tribunal y en presencia del acusado que no alegue falsedad contra las correcciones ni consiguientes perjuicios para él.

"Jueces del Tribunal de Circuito, á veces, mediante su firma, estampada en las minutas, dan ó tratan de dar al libro de minutas la fuerza de un "récord"; pero esta es una práctica que creemos no debiera tolerarse. Las minutas son, por lo general, demasiado imperfectas para demostrar clara y completamente lo que ha resuelto y hecho el Tribunal. La práctica de permitir al Secretario, después de terminadas las sesiones del Tribunal, de transcribir completamente las minutas é insertar muchas cosas que no puedan constar en las mismas, le constituye, por tanto, de hecho, en un funcionario judicial en vacaciones. Tales prácticas debieran cesar. *Johnson* v. *Com.* 80 Ky. 377; *The Com.* v. *Chambers*, I. J. J. Marsh (Ky.) 108-114. 5*Scott* v. *Morgan*, 94 N. Y. 508."

A las minutas puede hacerse referencia, y son muy útiles, al preparar un pliego de excepciones para ser sometido más tarde en debida forma á la aprobación y firma del Tribunal, y pueden usarse asimismo en la preparación de una exposición de hechos, que es en una breve relación de todos los hechos probados en el juicio, ya por

testigos ó prueba documental, firmada por los abogados de ambas partes cuando es posible, y más tarde examinada y aprobada por el juez del Tribunal inferior. Una exposición de hechos semejantes traería ante este Tribunal toda la prueba pertinente practicada en el juicio, y merecería crédito como una relación de los hechos en que descansan el veredicto del jurado y la sentencia del Tribunal. Tal exposición de hechos no se ha presentado al Tribunal en este caso, y por consiguiente, no podemos juzgar con respecto á la insuficiencia de la prueba presentada en el juicio y sobre la que se fundan el veredicto y la sentencia del Tribunal.

En ausencia de una exposición de hechos debemos considerar que la prueba propuesta y admitida en el Tribunal inferior es suficiente para justificar el veredicto y la sentencia. En los casos en que la prueba sea contradictoria el deber del jurado, de acuerdo con las instrucciones del Tribunal, es reconciliarla, si pueden hacerlo, mas si no pudieran, deberán determinar cuál de las afirmaciones contradictorias es digna de crédito.

Tal y como se han presentado los autos en este Tribunal no hay motivo alguno por insuficiencia de prueba que justifique una revocación ó modificación del veredicto ó de la sentencia del Tribunal inferior; y por las razones consignadas, la sentencia dictada en este caso el día 11 de enero de 1905, por la Corte del Distrito de Arecibo debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.