MATÍAS MICHEL ARCE, peticionario, *v.* CORTE DE DISTRITO DE. SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

Núm. 1099.—*Sometido:* Mayo 17, 1937. *Resuelto:* Julio 31, 1937.

*T. Torres Pérez,* abogado del peticionario; *J. Valldejuli Rodríguez,* abogado del taquígrafo Sr. Gandía, interventor.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El peticionario, Matías Michel Arce, solicitó de la Corte de Distrito de San Juan autorización para portar un revólver, invocando para ello el artículo 7 de la "Ley prohibiendo portar armas," según ésta fué enmendada en 25 de junio de 1924 (Ley núm. 24 de 1924, pág. 115).

Practicada la prueba ante la corte, sin intervención del fiscal, el peticionario radicó una moción en que alega y suplica que siendo necesaria la transcripción del récord para conocimiento del fiscal, se ordene al taquígrafo que intervino en el caso que la haga, libre de gastos para él, todo de acuerdo con la "Ley creando las plazas de taquígrafos reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones," aprobada el 10 de marzo de 1904 (Comp. 1277–1284).

La corte inferior declaró sin lugar esa moción por entender que "el peticionario no está exento en forma alguna del pago de los derechos que fija la citada ley que es aplicable al caso." Para que se revise esa orden, ha recurrido Arce ante este tribunal con una petición de *certiorari* en que alega, además de lo ya expresado,

(a) Que la sección 4 de la Ley de 10 de marzo de 1904 impone a los taquígrafos de las cortes de distrito el deber de radicar con el secretario de éstas todos los records y reportes taquigráficos.

(b) Que ninguna ley le obliga a pagar a los taquígrafos derechos por transcribir notas tomadas en peticiones de licencias para portar armas.

(c) Que los honorarios que reciben los taquígrafos se incluyen como costas cuando fueren impuestas a la parte que pudiese pagarlas, y en el caso de autos no se trata de un pleito o acción civil.

(d) Que la orden recurrida impide la resolución final de este asunto, ya que la corte está impedida de resolver mientras no informe el fiscal.

(*è*) Que el cobro que autoriza la sección 5 de la Ley de 1904 es sólo y exclusivamente en asuntos judiciales civiles, criminales, ex parte o contenciosos, y el procedimiento que estableció el peticionario es de carácter administrativo.

(*f*) Que el pago al taquígrafo implicaría una compensación adicional, contraria a la Ley Orgánica.

(*g*) Que carece de recurso alguno de apelación para revisar la orden recurrida.

Se expidió el auto y se señaló fecha para una audiencia, a la que comparecieron el peticionario por su abogado, y el taquígrafo Oscar Gandía por el suyo. La corte recurrida, por su juez Pablo Berga, ha radicado un escrito de oposición.

█ El artículo 7 de la "Ley prohibiendo portar armas," según fué enmendada en 25 de junio de 1924, dice así:

"En adición a las licencias a que se refiere el inciso 11 del artículo precedente, podrá concederse licencia para uso de armas por la corte de distrito del domicilio del solicitante, previa audiencia del fiscal, si se probare, a juicio de la corte, peligro de muerte o de grave daño personal para el peticionario, etc."

¿Significan las palabras *"previa audiencia del fiscal"* que deba éste estar presente en todas las vistas en que se soliciten permisos para uso de armas? La palabra "audiencia," definida por la Enciclopedia Jurídica Española, significa:

"Voz derivada del verbo latino *audire;* en su acepción forense es el acto de oír un juez o Tribunal a la parte que comparece en demanda de que le sea administrada justicia, *o el traslado comunicando los autos para que aquélla exponga lo que estime procedente a su derecho."*

El estatuto parece autorizar el traslado de los autos al fiscal para que éste se imponga de su contenido e informe a la corte. Si el fiscal compareciese a la vista, lo que a nuestro juicio sería la mejor práctica, es claro que no se necesitaría la transcripción de las notas taquigráficas para informar como proceda a la corte.

En esas circunstancias, ¿está el taquígrafo obligado a suministrar libre de gastos al peticionario una transcripción de sus notas taquigráficas? Las secciones 4 y 5 de la "Ley creando las plazas de taquígrafos-reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones," leen así:

"Sección 4.—El taquígrafo entregará los records y notas tomadas por él al secretario de la corte de distrito del distrito en que las notas fueron tomadas y celebrado el juicio.

"Sección 5.—Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona parte en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (*records*), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorario por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida en juicio; *Disponiéndose,* que cuando la referida copia sea requerida a nombre del Pueblo de Puerto Rico o por un acusado en una causa criminal, o su abogado, en los casos en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia, requerida como queda dicho, por él o por su abogado, el taquígrafo expedirá gratis tales copias. Y en todos los casos civiles en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitada para satisfacer las costas requeridas por la ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal, en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las costas cuando fueren impuestas a la parte que pudiese pagarlas. Dicha copia del récord constituirá prima facie del acta del juicio y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión o apelación del mismo, en los casos en que el acta del tribunal sea necesaria."

Mientras la corte recurrida sostiene que "los records y notas" a que se refiere la sección cuarta, supra, son las libretas conteniendo los signos taquigráficos hechos por los taquí-

grafos, el peticionario entiende que es una transcripción de dichos signos lo que el taquígrafo entregará al secretario de la corte de distrito. En verdad, el peticionario está en lo cierto. Dicha ley ya ha sido interpretada por este Tribunal en la forma que sugiere el peticionario. En *El Pueblo* v. *Eligier et al.,* 9 D.P.R. 396, 400, dijo el Juez Asociado Sr. MacLeary, comentándola:

" . . . Las notas taquigráficas son o deben ser, una fiel transcripción de todo lo que ocurre en el tribunal inferior *y cuando se escriban en caracteres corrientes y se archiven en la Secretaría del Tribunal* son útiles como referencia al determinar cuáles fueron las resoluciones del tribunal, cuáles las cuestiones planteadas por los abogados y las excepciones tomadas con respecto a la admisión o denegación de pruebas, u otras resoluciones dictadas por la corte durante la celebración del juicio. . . " (Bastardillas nuestras.)

En *El Pueblo* v. *Brenes,* 9 D.P.R. 559, 566, el mismo juez resolvió así:

" . . . Tales apuntes taquigráficos, después de haber sido escritos a mano o en maquinilla, deben constituir una copia fiel de cuanto haya ocurrido en el tribunal durante el acto del juicio de la causa, *y después de haber sido debidamente transcritos por el funcionario que los hizo, y presentados por él al secretario del tribunal,* pueden ser usados por el juez o los letrados o cualquiera otra persona interesada, para cerciorarse con respecto a las resoluciones adoptadas por el tribunal lo mismo como pueden usarse para este objeto, las actas del tribunal guardadas por el secretario." (Bastardillas nuestras.)

Cinco años más tarde volvió a decir el Juez MacLeary lo siguiente, en *El Pueblo* v. *Santiago,* 16 D.P.R. 469, 475:

" . . . El taquígrafo está obligado a suministrar al Fiscal General, al Fiscal de la corte o a cualquiera de las partes, cuando así lo solicitaren, una copia escrita en maquinilla, de las notas taquigráficas o cualquiera parte de las mismas, mediante el pago de ciertos derechos fijados por la ley. Tales notas taquigráficas cuando estén transcritas en la escritura ordinaria o en maquinilla, deben ser una fiel transcripción de todo cuanto haya pasado ante el tribunal durante el juicio de la causa; *y cuando hayan sido debidamente transcritas por el funcionario que las hizo, y entregadas al secretario*

*del tribunal,* pueden ser utilizadas por el juez o por los abogados de las partes u otras personas que tengan interés en enterarse y averiguar cuáles han sido las resoluciones dictadas por el tribunal, en la misma forma que pudieran utilizarse las minutas del tribunal llevadas por el secretario; y dichas notas son la mejor prueba de lo que hayan declarado los testigos, en el caso de que surgiere una disputa sobre ese punto.'' (Bastardillas nuestras.)

El Juez Asociado Sr. Wolf, en una opinión disidente que escribió en el caso de *Guardiola* v. *Corte de Distrito,* 37 D.P.R. 649, 656, se expresó así:

"La sección 4 de la Ley de 10 de marzo de 1904 relativa a los taquígrafos-reporters, dispone, Leyes de ese año, página 110:

" 'El taquígrafo entregará los records y notas tomadas por él al Secretario de la Corte de Distrito del distrito en que las notas fueron tomadas y celebrado el juicio.'

"El deber del taquígrafo es *radicar la transcripción de sus notas taquigráficas* y entonces ésta se convierte en parte oficial de los autos. Cualquier persona puede obligar a un taquígrafo a radicar la *transcripción* de sus notas taquigráficas mediante la orden correspondiente de la corte o tal vez valiéndose de un recurso de *mandamus.* Podría seguirse un procedimiento de desacato por negarse a obedecer la orden de la corte.

"La sección 5 de dicha ley es la que da a una persona el derecho a recibir una copia de la transcripción. Dicha sección dice en parte:

" .

"Por tanto, no hay copia oficial de los autos hasta que el taquígrafo haya radicado su *transcripción.* No puede haber transcripción hasta que ésta haya sido radicada *y nadie tiene derecho a nada excepto a una copia de la transcripción escrita en maquinilla* ya hecha parte de los autos.'' (Bastardillas nuestras.)

Las anteriores decisiones no deben interpretarse en el sentido de que los taquígrafos de las cortes de distrito están obligados a radicar con el secretario una *transcripción* de las notas taquigráficas tomadas por ellos en *todos* los pleitos que ante dichas cortes se ventilan sin que haya mediado una petición de persona interesada en que tal transcripción sea hecha. No sería razonable exigir a los taquígrafos que

realizaran una labor tan ardua y que resultaría innecesaria en la mayoría de los casos, a saber, en los que no se apelan.

Teniendo en cuenta el aumento considerable en el número de casos que se presentan y van a juicio ante los tribunales de distrito, parece más razonable sostener que el taquígrafo de la corte está obligado a entregar los records y las libretas contentivas de las notas tomadas por él, al secretario de la corte; y que está igualmente obligado a transcribir sus notas y a radicar la transcripción en la Secretaría tan pronto como sea requerido para ello por persona con derecho a obtener una copia de dicha transcripción, previo pago de los honorarios que de acuerdo con la ley el taquígrafo está autorizado a cobrar por dicha copia.

No obstante, el taquígrafo tiene la obligación, al ser requerido por medio de la corte, de suministrar al peticionario, libre de gastos, una "copia escrita en máquina de los autos (*records*) o de cualquier parte de los mismos." Así debió ordenarlo la corte inferior en la orden de cuya anulación se trata ahora.

Aunque en cierto modo dicha transcripción es para beneficio del peticionario, sin embargo, quien más directamente ha de aprovecharse de ella y a quien más beneficios le reporta es al fiscal, que con ella puede permitirse no comparecer a la vista en que las notas fueron tomadas. Los taquígrafos de las cortes de distrito perciben un sueldo fijo a más de los honorarios adicionales que devengan por aquellas transcripciones de notas que son de interés a las partes en una acción, porque de ellas han de valerse para tramitar una apelación. El sueldo fijo representa la remuneración que les concede la ley por aquellos servicios que prestan, en el ejercicio de sus funciones, a la corte y a los funcionarios de ésta; los honorarios adicionales, su remuneración por servicios relacionados con el cargo que desempeñan, prestados a particulares. Y aquí no se trata de una apelación que ha de tramitar el peticionario, para cuyo fin le sería necesaria la

transcripción de la evidencia si eligiera elevar la prueba de ese modo. En tal caso, el peticionario recibiría todo el beneficio, todo el fruto de la labor del taquígrafo, y debería remunerarla. Aquí se trata de servicios de que no ha menester el peticionario tanto como el fiscal, y que deben, por tanto, considerarse remunerados por el sueldo fijo que recibe el taquígrafo por servicios administrativos.

En vista de lo cual, se hace a nuestro juicio innecesario considerar las otras razones aducidas por el peticionario y *debe, por tanto, declararse con lugar la solicitud de certiorari, y en su consecuencia, anularse la orden recurrida, con instrucciones a la corte de que dicte otra ordenando al taquígrafo que transcriba, libre de gastos, las notas taquigráficas que tomó en la vista de la solicitud para uso de armas, entregando al secretario, para ser unida a los autos, para uso del Fiscal, copia escrita a máquina, en los términos dispuestos por la sección 5 de la Ley creando las plazas de taquígrafos-reporters de los tribunales de distrito, aprobada el 10 de marzo de 1904.*

El Juez Asociado Señor Córdova Dávila no intervino.