Andrés Negrón Wells y Pedro E. López Estrada, peticionarios y recurrentes, *Ex parte*.

Números: R-76-242, R-76-243 Resueltos: 30 de noviembre de 1976

*M. Martínez Umpierre* y *Miguel Chaar Cacho,* abogados ·de los peticionarios; *Roberto Armstrong, Jr., Procurador General Interino,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

En los casos de epígrafe, emitimos orden dirigida al Procurador General para que compareciera a mostrar causa por la cual no debíamos expedir los autos y oportunamente revo-

car las resoluciones del Tribunal Superior, Sala de Arecibo, fechadas 7 de mayo y 14 de abril de 1976, denegando las solicitudes para portar armas de los peticionarios Andrés Negrón Wells y Pedro E. López Estrada.

El Procurador General ha comparecido sosteniendo en síntesis, que las negativas del tribunal a quo estuvieron adecuadamente fundadas en el ejercicio discrecional de dicha sala a la luz de las circunstancias específicas de los casos. Argumenta que la ley no exige vista a los fines del Ministerio Fiscal demostrar las razones para basar un dictamen en oposición y que la concesión de tal vista descansa en el libre discernimiento del tribunal.

 Resulta oportuno reiterar, aun cuando por distintos fundamentos, (¹) la norma jurisprudencial sentada respecto a que de ordinario, en ausencia de una clara desviación del debido proceso de ley o un grave y manifiesto error de derecho, no intervendremos con la facultad de las salas de primera instancia expidiendo o negando privilegios como el que nos ocupa. Por el contacto directo con los interesados y testigos, y el conocimiento de diversos factores específicos precisables y otras circunstancias intangibles que prevalecen en las comunidades que comprenden la demarcación territorial de cada Tribunal Superior, es evidente que dichos foros

---

(¹) En *Montalvo, Ex parte,* 40 D.P.R. 782 (1930), habíamos resuelto que estas peticiones no eran apelables ante nos, bajo la tesis de que no constituían un procedimiento civil, *ex parte* o contencioso, de naturaleza judicial, sino más bien uno de índole administrativo. Este enfoque ha variado en virtud de la corriente moderna jurídica de que las decisiones administrativas, en ausencia de prohibición legislativa, pueden ser objeto de revisión judicial. *Medina* v. *Pons,* 81 D.P.R. 1, 7–8 (1959); *López* v. *Muñoz, Gobernador,* 80 D.P.R. 4, 7–10 (1957). Y resulta dudoso al presente, que de manera absoluta pueda sostenerse que si el Estado, a través del Ministerio Fiscal se opone en un proceso *ex parte,* el mismo no se torna contencioso, susceptible de ser revisado mediante el recurso de *certiorari;* el concepto "actuación judicial" del antaño ha variado. Sobre este último particular, compárese: *Pueblo* v. *Opio Opio,* 104 D.P.R. 165 (1975).

están en mejor condición que nosotros para evaluar los méritos en casos de esta naturaleza. (²)

■■■ No obstante, es evidente en los casos de autos que el Ministerio Fiscal se limitó a exponer por escrito su dictamen sin aducir ni presentar prueba testifical o documental jurada al efecto y sin solicitar señalamiento de vista para desfilar la misma. Nuestra decisión en *Arce* v. *Corte*, 52 D.P.R. 192 (1937), en el sentido de que el Ministerio Fiscal no tiene que estar presente durante la vista señalada para determinarse los méritos de una petición de portar armas, y en el cual recomendamos como mejor práctica que dichos funcionarios comparecieran, no tiene el alcance que se le atribuye. No significa que al aducirse razones ajenas a las que surgen del expediente o de la primera vista pueda prescindirse de una vista evidenciaria y rechazar la petición con base únicamente en el informe del fiscal. En su perspectiva correcta, el caso de *Arce* debe entenderse que faculta a los tribunales a denegar la portación de un arma si ello procede en virtud del dictamen del Ministerio Fiscal sostenido en fundamentos que emanen de la prueba desfilada—sea por insuficiencia u otras razones jurídicas—pero no cuando la oposición se formula en orden a unos hechos sobre los cuales dicho funcionario no ha desfilado prueba satisfactoria.

En consideración a lo expuesto, *procede que dictemos Sentencia expidiendo los autos solicitados y devolviendo estos casos a instancia para ulterior consideración previa*

---

(²)Aparte de evitar trastornos administrativos en las labores y proyecciones de cada Sala, y la adecuada distribución de los recursos del sistema judicial en toda la Isla, ello explica la necesidad de que los jueces de instancia sigan invariablemente las pautas enunciadas en *Longoria* v. *Tribunal Superior*, 102 D.P.R. 267 (1974), en peticiones de portación de armas, trasladando a las salas correspondientes aquellas en que los interesados no son domiciliados en su demarcación. Las investigaciones, gestiones y producción de prueba por las partes se facilitan grandemente observando la norma expuesta.

*vista.* (³) *El Ministerio Fiscal aportará la prueba que estime necesaria para sostener su posición. El tribunal discrecionalmente deberá determinar si los peticionarios son acreedores o no a las solicitudes, aquilatando todos los factores envueltos.*

Se dictará la Sentencia correspondiente.

El Juez Asociado Señor Rigau se inhibió.

---

(³)La Ley Núm. 159 de 23 de julio de 1974 (25 L.P.R.A. sec. 431, Suplemento) tuvo como propósito dejar a la discreción de los tribunales la celebración de vista y la publicación de edictos en casos de *renovaciones.* Véase: Informe sometido al Consejo sobre la Reforma de la Justicia por la *Comisión para el Estudio de la Fiscalía,* págs. 459–468 (8 de octubre de 1974).