RIGOBERTO AYALA ALICEA, demandante y peticionario, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO (POLICÍA DE PUERTO RICO), demandado y recurrido.

Número: CE-86-633          Resuelto: 12 de marzo de 1987

*Luis E. Mártir Lugo,* abogado del peticionario; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Miriam Álvarez Archilla, Procuradora General Auxiliar,* abogados del recurrido.

## SENTENCIA

El 29 de abril de 1986 el demandante peticionario Rigoberto Ayala Alicea presentó en el Tribunal Superior, Sala de Bayamón, una demanda sobre denegación de licencia para poseer y tener arma de fuego, contra el Estado Libre Asociado

---

(5) Véase *Sterzinger* v. *Ramírez,* 116 D.P.R. 762, 777 esc. 5 (1985).

de Puerto Rico (Policía de Puerto Rico). El 2 de mayo emplazó a la Policía de Puerto Rico por conducto del licenciado Jorge L. Santiago Cruz.[1] El 28 de mayo el peticionario solicitó la anotación de rebeldía y el señalamiento de la vista en su fondo.

Así las cosas, el 30 de mayo el Superintendente de la Policía compareció mediante moción, oponiéndose a lo solicitado. Alegó en síntesis: (1) que a tenor con lo dispuesto en el Art. 19, inciso (d) de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. sec. 429(d)), el procedimiento ante el Tribunal Superior es *ex parte* de nueva solicitud, en el cual, aunque la Policía de Puerto Rico no es parte adversa, hay que notificarle de la petición; (2) que no procedía la anotación de rebeldía; (3) que se oponía a lo solicitado "toda vez que la conducta del peticionario demuestra no ser acreedor del privilegio [solicitado]", y (4) que al peticionario no se le denegó la solicitud de licencia, sino que lo que se hizo fue cancelar la licencia que tenía, por haberle sido hurtadas las armas y no poseerlas ya.

El 21 de julio se celebró la vista en su fondo. Ambas partes comparecieron. En la misma, además del testimonio del señor Ayala Alicea, se presentaron como prueba los siguientes documentos: (1) el Informe de la Policía de Puerto Rico e Informe de la Policía de Puerto Rico Suplementario; (2) dos comunicaciones fechadas 7 de marzo de 1986 de la Policía de Puerto Rico, una sobre cancelación de licencia para tener y poseer armas de fuego y otra sobre solicitud de licencia para tener y poseer armas de fuego respectivamente, y (3) un certificado negativo de antecedentes penales. El 23 de julio el tribunal dictó sentencia en la cual declaró sin lugar la demanda y ordenó su archivo.

---

[1] El emplazamiento se hizo en las Oficinas de la División Legal de la Policía en el Cuartel General de la Policía de Puerto Rico.

En dicha sentencia el tribunal determinó que se trataba de una impugnación a la denegación de una solicitud para la expedición de una licencia de tener y poseer arma de fuego; que el señor Ayala Alicea perdió dos armas de fuego como resultado de un asalto ocurrido el 27 de octubre de 1985, y que su historial de antecedentes penales era negativo. Sin embargo, concluyó que no se había establecido un abuso de discreción por parte del Superintendente de la Policía al denegar la licencia y que en ausencia de prueba en contrario se presume la corrección de los procedimientos administrativos, Regla 16(15) de las Reglas de Evidencia de 1979 (32 L.P.R.A. Ap. IV, R. 16(15)). Rehusó intervenir con la decisión del Superintendente de la Policía y declaró sin lugar la demanda.

El 1ro de octubre el señor Ayala Alicea presentó una petición de *certiorari* para revisar la sentencia. El 30 de octubre emitimos una resolución ordenando a la parte demandada recurrida que mostrara causa por la cual no debía revocarse la sentencia de 23 de julio de 1986. La parte demandada recurrida compareció representada por el Procurador General. Estamos en posición de decidir y así procedemos a hacerlo, sin ulterior procedimiento.

El Art. 19 de la Ley de Armas de Puerto Rico, *supra*, en su parte pertinente dispone:

> (d) Cuando el Superintendente de la Policía de Puerto Rico denegare a una persona una licencia para tener y poseer un arma de fuego bajo las disposiciones de este Capítulo, o cuando dicho funcionario cancelare una licencia bajo las disposiciones del inciso (c) de esta sección, la persona afectada podrá comparecer ante la sala del Tribunal Superior del lugar en que radicare su residencia y *formular de nuevo su solicitud. El tribunal notificará al Superintendente de la Policía de Puerto Rico, quien podrá comparecer a sostener su negativa, y resolverá con la intervención del fiscal.* El Tribunal Superior estará autorizado para requerir las pruebas y ordenar las investigaciones que considerase necesarias y convenientes, y su decisión será final y firme. (Énfasis suplido.)

Estamos de acuerdo con el Procurador General en que el procedimiento establecido por este artículo no es de revisión propiamente sujeta al récord administrativo. El mismo autoriza a la persona afectada por la determinación del Superintendente de la Policía, cancelando o denegando una licencia para tener y poseer armas de fuego, a *"formular de nuevo su solicitud"* (énfasis suplido) ante el Tribunal Superior. El Tribunal a su vez, viene obligado a notificar al Superintendente de la Policía y a resolver el asunto "con la intervención del fiscal". Una vez notificado, el Superintendente de la Policía, si lo estima necesario, podrá comparecer a sostener su negativa.

La ley específicamente autoriza al tribunal, a "requerir las pruebas y ordenar las investigaciones que consider[e] necesarias y convenientes" y dispone que la decisión del tribunal "será final y firme". Estamos pues, ante una disposición estatutaria que contempla tanto la intervención del Superintendente de la Policía de Puerto Rico, como de un fiscal. El procedimiento establecido es a manera de un *juicio de novo*, donde se puede ordenar investigar, tomar en consideración evidencia que no estuvo ante la agencia administrativa y llegar a una conclusión propia a base de la prueba desfilada.

En el caso de autos no se siguió estrictamente el procedimiento establecido en la Ley de Armas de Puerto Rico, *supra*. El tribunal de instancia no notificó al Superintendente de la Policía, el fiscal no intervino y a pesar de que el tribunal permitió el desfile de prueba, resolvió la solicitud tal y como si se tratase de una revisión administrativa. Determinó, basándose en la prueba desfilada, que el demandante perdió dos armas de fuego como resultado de un asalto y que su historial de antecedentes penales era negativo. (2) Sin embargo, resol-

---

(2) En su escrito para mostrar causa el Procurador General nos informa que "desfiló prueba sobre las intervenciones de la Policía con el demandante y peticionario, en específico éste *admitió haber sido acusado en*

vió que "[n]o obstante lo anterior, la prueba desfilada no ha sido de tal naturaleza que establezca un abuso de la discreción que al Superintendente de la Policía le concede la Ley de Armas para otorgar este tipo de licencia. El criterio ejercido por el Superintendente se presume dentro del ámbito de lo dispuesto en la Regla 16(15) de Evidencia. En ausencia de prueba de claro error o abuso de las facultades que le confiere la Ley, los Tribunales no deben intervenir con dicha facultad". Sentencia recurrida, pág. 1.

En lo que respecta a la falta de notificación al Superintendente de la Policía, ésta quedó subsanada al ser emplazado. La no intervención del fiscal es un error que no afecta al peticionario, le correspondía al Estado levantarlo. Sin embargo, el peticionario tenía derecho a que el tribunal de instancia considerase su petición como una solicitud para la expedición de una licencia para tener y poseer arma de fuego propiamente, y no como una solicitud para revisar la determinación administrativa que denegaba la expedición de dicha licencia. Tenía derecho a que el tribunal requiriera las pruebas y ordenase las investigaciones que estimase necesarias para tomar su decisión. La decisión se debía tomar a base de la prueba presentada. (3)

---

*1971 por el delito de hurto mayor y en 1983 por el delito de apropiación ilegal agravada.* El Superintendente denegó la licencia por la conducta del demandante y peticionario, que a pesar de haber sido absuelto en estas ocasiones se demostró que la Policía intervino con él". (Énfasis del original.) Escrito del Procurador, pág. 6 n. 7. Cabe señalar que después de estos dos incidentes al peticionario se le concedieron licencias para tener y poseer armas de fuego —las que perdió en el asalto de octubre de 1985.

(3)En *Ex parte Negrón Wells*, 105 D.P.R. 406 (1976), un caso muy similar al de autos, el tribunal de instancia, basándose en su discreción, denegó la solicitud de portación de armas. El tribunal utilizó el informe del fiscal para esa decisión y no celebró vista evidenciaria. En el caso ante nos el tribunal de instancia basó su decisión en el informe del Superintendente de la Policía. En *Ex parte Negrón Wells*, supra, págs. 408–409, resolvimos de la misma forma que en esta sentencia. Allí dispusimos: *"procede que dictemos sentencia . . . devolviendo estos casos a instancia para ulterior consideración previa vista. El Ministerio Fiscal aportará la prueba que es-*

Por todo lo antes expuesto, se expide el auto de revisión, se revoca la sentencia de 23 de julio de 1986 y se devuelve el caso al tribunal de instancia, para que considere la petición del señor Ayala Alicea como una solicitud para tener y poseer arma, no como una revisión de una determinación administrativa. De considerarlo necesario y conveniente podrá, con la intervención del Superintendente de la Policía y el fiscal, ordenar investigar, requerir más prueba y celebrar una vista antes de emitir su decisión.

Así lo pronunció y manda el Tribunal y certifica el Secretario General. El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita. El Juez Asociado Señor Ortiz disiente con opinión escrita.

(*Fdo.*) Bruno Cortés Trigo
*Secretario General*

—O—

Opinión disidente del Juez Asociado Señor Ortiz.

Estoy de acuerdo con el pronunciamiento del Tribunal, de que el procedimiento establecido por el Art. 19 de la Ley de Armas es a manera de un *juicio de novo*, donde se puede ordenar investigar, tomar en consideración evidencia que no estuvo ante la agencia administrativa y llegar a una conclusión propia, a base de la prueba desfilada. Esa es precisamente la posición asumida por el Superintendente de la Policía.[1] Sostiene que el Tribunal puede tomar en consideración evidencia que no desfiló ante la agencia administrativa para

*time necesaria para sostener su posición. El tribunal discrecionalmente deberá determinar si los peticionarios son acreedores o no a las solicitudes aquilatando todos los factores envueltos".* (Énfasis en el original y escolio omitido.) En el caso que está ante nuestra consideración el Superintendente de la Policía deberá aportar la prueba necesaria para sostener su posición. En la vista que se celebre podrá participar el fiscal.

[1] Informe del Procurador General, págs. 3 y 4.

su determinación. *Vélez Quiñones* v. *Srio. de Instrucción*, 86 D.P.R. 755 (1962).

Disiento, sin embargo, del resultado a que llega la mayoría de este Tribunal. Los autos revelan que el tribunal de instancia siguió el procedimiento antes aludido. A esos efectos señaló una vista evidenciaria. En la vista la parte demandante presentó prueba testifical consistente en su propio testimonio y prueba documental. La parte demandada presentó como prueba documental un informe de la Policía de Puerto Rico. En ningún momento se impidió a las partes, particularmente al demandante, presentar prueba adicional a la que tuvo ante sí la agencia al considerar la solicitud de licencia para poseer un arma de fuego. Entendemos que el lenguaje utilizado por el tribunal al invocar la presunción que establece la Regla 16(15) de las Reglas de Evidencia, (2) no tiene el efecto de convertir el trámite en un procedimiento sujeto a las normas y reglas aplicables a los recursos de revisión de una decisión administrativa.

Por último, al revisar decisiones como la de este caso, debemos seguir la norma establecida en *Ex parte Negrón Wells*, 105 D.P.R. 406 (1976). (Sobre una resolución denegatoria de una solicitud para portar armas bajo el Art. 21 de la Ley de Armas, 25 L.P.R.A. sec. 431.)

> Resulta oportuno reiterar, aun cuando por distintos fundamentos, la norma jurisprudencial sentada respecto a que de ordinario, en ausencia de una clara desviación del debido proceso de ley o un grave y manifiesto error de derecho, no intervendremos con la facultad de las salas de primera instancia expidiendo o negando privilegios como el que nos ocupa. Por el contacto directo con los interesados y testigos, y el conocimiento de diversos factores específicos precisables y otras circunstancias intangibles que prevalecen en las

---

(2) La cual reconoce como una presunción controvertible que: "los deberes de un cargo han sido cumplidos con regularidad." 32 L.P.R.A. Ap. IV, R. 16(15).

514

comunidades que comprenden la demarcación territorial de cada Tribunal Superior, es evidente que dichos foros están en mejor condición que nosotros para evaluar los méritos en casos de esta naturaleza. (Escolios omitidos.) *Ex parte Negrón Wells,* supra, págs. 407–408.

A base de dichos criterios el recurrente no ha demostrado que el tribunal cometió un error que amerite alterar su decisión.

Por las razones antes expuestas, confirmaría la sentencia dictada.

