# 95 DTA 57

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II - BAYAMON PANEL I**

JOSE L. DIAZ MARRERO
Peticionario-Recurrente

EX PARTE

Núm. KLCE-95-00077

San Juan, Puerto Rico, a 20 de abril de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo,
y los Jueces Cordero y Ortiz Carrión

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurrente, señor José L. Díaz Marrero, presentó una petición de *certiorari* ante el Tribunal de Circuito de Apelaciones el día 7 de marzo de 1995, solicitando que expidamos un auto para revocar una resolución dictada el día 13 de febrero de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Toa Alta (Hon. José L. Cabiya Morales, J.). Mediante la referida resolución, el tribunal resolvió que en un caso de solicitud de licencia para portar un arma, se requiere la producción de una copia simple de la primera página de la planilla de contribuciones del año anterior y, como consecuencia, ordenó al recurrente presentarla.

No conforme, el recurrente presentó en tiempo el recurso de *certiorari* que nos ocupa, alegando que el tribunal de primera instancia carece de facultad para añadir un requisito en la consideración de una renovación para portar un arma que no está dispuesto en ley.

Examinados el recurso, sus anejos, la ley y la jurisprudencia aplicable, se expide el auto y se revoca la resolución recurrida por los siguientes fundamentos.

### I

Surge del recurso que el día 12 de diciembre de 1994, el recurrente presentó ante el tribunal recurrido una petición juramentada de renovación de licencia para portar un arma. El día 13 de diciembre de 1994, el fiscal de distrito de Bayamón, compareció ante el tribunal recurrido mediante moción para señalar que no había objeción a la solicitud de renovación del recurrente. No obstante, el 30 de diciembre de 1994, la secretaría del tribunal recurrido le notificó al recurrente un informe suscrito por el fiscal auxiliar del distrito de Toa Alta. En este informe, el Fiscal Auxiliar Ricardo Reyes Dávila objetó la solicitud de renovación por cuanto el Ministerio Público requería que se sometiera una copia certificada de la planilla de contribución sobre ingresos para el año 1993; además, el fiscal solicitó la celebración de una vista. El día 29 de diciembre de 1994, el recurrente presentó una Moción Urgente para que se Conceda la Licencia Solicitada. Posteriormente, luego de señalar dos vistas a las cuales no compareció el recurrente ni su representación legal, el tribunal recurrido dictó la resolución objeto de revisión.

En la resolución recurrida, el tribunal se refirió a una Circular de 1ro. de julio de 1992, notificada por el entonces Director Administrativo de los Tribunales, Hon. Ramón Negrón Soto, mediante la cual se intentó establecer un procedimiento uniforme en el contenido y en la tramitación de las solicitudes de licencia para portar armas. El tribunal se basó en el inciso 5(e) de la circular que trata sobre la documentación que acredite la profesión, oficio u ocupación del peticionario y citó en su resolución el subinciso sobre negociantes, contratistas independientes y otros solicitantes que manejan o llevan consigo sumas de dinero, a quienes la circular les requiere someter una copia de la primera página de la planilla de contribuciones del año inmediatamente anterior y el día de la vista presentar copia certificada de dicha planilla. Como consecuencia, el tribunal le concedió al recurrente un término para cumplir con esta reglamentación, so pena de desestimar su solicitud de renovación y éste recurre ante nos.

### II

La Ley Núm. 17 de 19 de enero de 1951, según enmendada, 25 L.P.R.A. sec. 411 *et seq.,* conocida como la Ley de Armas de Puerto Rico, establece los requisitos legales que deben

observarse para que un tribunal expida una licencia para portar armas. A tenor con la ley, el peticionario deberá: (a) justificar la necesidad de la licencia; (b) probar, mediante la debida certificación médica, que está capacitado mental y físicamente para obtener dicha licencia; y (c) hacer constar que conoce el manejo del arma por haber tomado un curso de entrenamiento debidamente aprobado por el Superintendente. 25 L.P.R.A. sec. 431 (Supl. 1994).

En cuanto a la renovación de la licencia, la ley dispone que deberá presentarse una solicitud de renovación, bajo juramento, donde se haga constar que las circunstancias que dieron lugar a la concesión original de la licencia aún prevalecen al momento de presentarse la solicitud de renovación y que el peticionario ha residido en Puerto Rico en forma ininterrumpida por lo menos durante los dos (2) años anteriores a la fecha de la solicitud. La ley faculta al tribunal, además, a celebrar una vista, *motu proprio* o a solicitud del Ministerio Fiscal, si lo estimare necesario y conveniente para determinar si las condiciones que dieron lugar a la concesión de la licencia originalmente aún prevalecen. 25 L.P.R.A. sec. 431 (Supl. 1994).

No surge de la citada ley disposición alguna que exija la presentación de una copia de la planilla de contribuciones sobre ingresos como requisito previo a la expedición o renovación de una licencia para portar armas.

Valga señalar que aunque el tribunal recurrido se basó en una circular proveniente de la Oficina de Administración de los Tribunales para exigirle al recurrente copia de la planilla, dicha circular constituye sólo una directriz administrativa que no le puede imponer más obligación al ciudadano que la propia ley; ■

Por otro lado, en *Rodríguez v. Scotiabank de P.R.,* 113 D.P.R. 210, 216 (1982), el Tribunal Supremo dispuso que las normas de confidencialidad que establece la Ley de Contribuciones sobre Ingresos de 1954, Ley Núm. 91 de 29 de junio de 1954, según enmendada, 13 L.P.R.A. sec. 3001 *et seq.,* no se han estimado equivalentes a la creación de un privilegio. Es decir, no inmunizan al contribuyente contra el descubrimiento de información pertinente, pero tampoco lo exponen a persecución por el Estado o litigantes particulares. En *Rodríguez v. Scotiabank de P.R., supra,* el Tribunal Supremo, además, resolvió que aunque se determine que la información solicitada es pertinente y no privilegiada, no significa que las planillas de contribuciones en Puerto Rico pueden ser objeto de descubrimiento indiscriminado. Esto se debe a que el derecho a la intimidad reconocido por nuestra Constitución exige que se proteja al promovido contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Sólo se debe hacer disponible, pues, la información estrictamente pertinente.

Aunque la Ley Núm. 2 de 6 de octubre de 1987, conocida como la Reforma Contributiva de 1987, enmendó en forma extensa la ley anterior de contribuciones sobre ingresos, la sección sobre la publicidad de las planillas, 13 L.P.R.A. sec. 3055, permaneció sustancialmente igual, por lo que es aplicable la norma establecida en *Rodríguez v. Scotiabank, supra.*

Ciertamente un juez tiene discreción judicial para exigir la prueba que estime pertinente para resolver adecuadamente un caso. Sin embargo, en el caso de autos, no encontramos una relación razonable entre la presentación de la planilla y el deber del recurrente de demostrar la necesidad de la licencia. *Rodríguez v. Scotiabank de P.R., supra,* a la pág. 212. Nos explicamos.

Surge del expediente una certificación de empleo suscrita por Aracelis Ortiz, Gerente del Departamento de Cobros del Scotiabank, que acredita que el recurrente ocupa la posición de cobrador en el banco. Tratándose, pues, de un empleado de un banco que solicita la renovación de la licencia para portar un arma, la carta del patrono debe suplir el requisito contenido en la antes citada Circular, inciso 5(e) para *"empleados".* Este inciso reza:

*"-Empleados: deberá incluirse una carta del patrono que acredite la naturaleza del empleo y las funciones que realiza que justifican la concesión de una licencia para toda la isla o limitada a determinadas áreas."*

En virtud de la citada sección, el tribunal, en su discreción, puede, y tal vez deba, exigir que el patrono acredite las funciones específicas que realiza el empleado a los fines de determinar si se justifica la concesión o renovación de la licencia, bien sea mediante documentación escrita del patrono o mediante testimonio oral en una vista debidamente señalada. La planilla de contribuciones, sin embargo, no suple esta información.

Es de rigor señalar, además, que debido a que el peticionario comparece como un empleado y presenta una carta certificada de su patrono a tales efectos, resulta innecesario que este Tribunal pase juicio sobre si para los *"negociantes, contratistas independientes y otros solicitantes motivados por el hecho de manejar o llevar consigo sumas de dinero"* procede presentar la planilla como exige la Circular, a la pág. 4. El tribunal de primera instancia se basó en esta disposición y no en la de *"empleado"* para exigirle al peticionario copia de la planilla y por ende cometió un error.

Es norma jurisprudencial que de ordinario, en ausencia de una clara desviación del debido proceso de ley o un grave y manifiesto error de derecho, no se intervendrá con la facultad del tribunal de primera instancia para expedir o negar un privilegio, como lo es la licencia de portación de armas. *Ex parte Negrón Wells,* 105 D.P.R. 406, 407 (1976). Sin embargo, en el caso de autos, resolvemos que el tribunal recurrido se excedió en su discreción al exigir copia de la planilla ya que ésta no es pertinente para determinar la necesidad del recurrente para solicitar la renovación.

### III

Por los fundamentos antes expuestos, se expide el auto, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia, Subsección de Distrito, Sala de Toa Alta, para ulteriores procedimientos conformes con lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 57

1. Señalamos, además, que la propia circular dispone que aunque la ley establece como requisito la presentación de un certificado médico y de un curso de adiestramiento sobre el uso y manejo de un arma de fuego para las personas que solicitan licencia para portar arma por estar en peligro de muerte o de grave daño corporal, dichos requisitos deberían ser igualmente exigibles con respecto a solicitudes que tengan otros fundamentos. Por tal razón, la circular impone dichos requisitos en la tramitación de todas las solicitudes *"como exigencias administrativas, en previsión de que en un sano uso de su discreción judicial los señores [y las señoras] jueces los exijan ".* Véase Circular, a la pág. 3, nota al calce.

Igualmente se entiende que las demás exigencias impuestas en la circular que no están expresas en la ley son directrices administrativas.