EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| José A. Román Ruiz Recurrido v. Estado Libre Asociado de Puerto Rico Policía de Puerto Rico, et al Peticionario | Certiorari 2000 TSPR 52 |
|---|---|

Número del Caso: CC-1999-0486

Fecha: 27/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Igrí Rivera de Martínez

Abogados de la Parte Peticionaria: Lcdo. Carlos Lugo Fiol
                                   Procurador General
                                   Lcda. Miriam Alvarez Archilla
                                   Procuradora General Auxiliar

Abogados de la Parte Recurrida: Lcdo. Luis A. Fernández Domenech


Materia: Revisión de Decisión de Angencia Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José A. Román Ruiz

   Demandante-Recurrido

      v.                     CC-1999-486       Certiorari

Estado Libre Asociado de
Puerto Rico, Policía de P.R.,
Superintendente

   Demandado-Peticionario

PER CURIAM

San Juan, Puerto Rico, a 27 de marzo de 2000

I

El 28 de marzo de 1995, el Superintendente de la Policía expidió a José A. Román Ruiz licencia para tener y poseer un arma de fuego, de conformidad con el Art. 20 de la Ley de Armas –Núm. 17 de 19 de enero de 1951, según enmendada–. (25 L.P.R.A., sec. 430(c)(2)). También, el Tribunal de Primera Instancia, Sala Superior de Caguas, le autorizó portarla, quien además, poseía licencia de guardia de seguridad.

El 14 de febrero de 1998, Román Ruiz fue intervenido por la Policía en la tienda K-Mart en

Plaza del Oeste, San Germán, en relación con la imputación de un delito de apropiación ilegal. Fue detenido en la tienda mediante arresto civil y se le acusó de haberse apropiado, junto a su esposa, de mercancía valorada en $144.92. Ese mismo día, la Policía le ocupó las licencias y el arma antes mencionadas. Posteriormente, el caso por apropiación ilegal, en su modalidad menos grave, fue archivado luego de un alegado acuerdo entre el acusado y la gerencia de la tienda.

El 20 de mayo, Román Ruiz solicitó al Superintendente de la Policía que, en vista del archivo del caso penal, celebrase una vista administrativa y ordenase la devolución del arma y sus licencias. El 17 de septiembre, el Superintendente, denegó ese pedido. En su Resolución, le instruyó presentar, de así considerarlo, una solicitud de revisión ante el Tribunal de Primera Instancia, Subsección de Distrito con competencia, dentro del término de diez (10) días, contados a partir de la fecha del archivo en autos de copia de su resolución. Le indicó además, que la solicitud de revisión se notificaría a la Policía dentro del mismo término, siendo dicho requisito uno jurisdiccional, conforme a la Ley de Procedimiento Administrativo Uniforme y lo pautado en Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, 127 D.P.R. 635 (1991).

No conforme, Román Ruiz optó por presentar revisión directa ante el Tribunal de Circuito de Apelaciones el 16 de noviembre.[1] El Procurador

---

[1]Elaboró los siguientes señalamientos:

"1. Erró el Superintendente de la Policía al negarse a devolver al peticionario las licencias y el arma de fuego que la Policía le ocupó a éste, sin fundamento ni razón legal para tal negación.

2. Erró el Superintendente de la Policía al negarse a señalar vista administrativa para dilucidar la solicitud del aquí peticionario.

3. Erró el Superintendente al cancelar o revocar 'de facto' las licencias de Tener y Poseer Arma de Fuego y de Guardia de Seguridad del peticionario, sin notificación alguna al respecto y mucho menos oportunidad de ser oído."

Argumentó que se violó su debido proceso de ley, ya que el Superintendente le denegó la devolución de su arma y licencias sin

General solicitó la desestimación argumentando que, según el Art. 19 de la Ley de Armas, **el procedimiento correcto para revisar una determinación administrativa que cancelaba o denegaba una licencia para tener y poseer un arma de fuego era presentar una nueva solicitud a tales efectos ante el Tribunal de Primera Instancia, en el cual debería efectuar un juicio de novo.** Román Ruiz se opuso y adujo que en armonía con el Plan de Reorganización Núm. 1 de la Rama Judicial, –Ley de la Judicatura de 1994, según enmendada (4 L.P.R.A. sec. 22, et seq.), y las enmiendas a la Ley de Procedimiento Administrativo Uniforme (LPAU) Núm. 170 de 12 de agosto de 1988–, **la revisión de resoluciones de cualquiera de las agencias administrativas, incluyendo las del Superintendente, eran revisables por el Tribunal de Circuito.**

El 28 de mayo de 1999, el Tribunal de Circuito (Jueces, Hons. Rivera de Martínez, Colón Birriel y Soler Aquino) dictó Sentencia, archivada en autos copia de su notificación el 7 de junio. Revocó la resolución del Superintendente, remitiendo el caso a la Policía, como agencia administrativa, para que concediera vista administrativa con el propósito de escuchar a Román Ruiz, luego de la cual hiciera conclusiones y determinaciones conforme la prueba, preceptos legales y jurisprudencia vigente sobre la materia.

Al así decidir, el foro intermedio determinó, primeramente, que tenía jurisdicción para atender la revisión en sus méritos, en vista del propósito unificador que animó la Reforma Judicial y, en armonía con el procedimiento uniforme de revisión judicial establecido en la LPAU, para atemperarlo a la nueva estructura judicial. Concluyó que ese mismo esquema sustituyó el procedimiento del Art. 19 de la Ley de Armas, relativo a la presentación de una nueva solicitud de licencia ante el Tribunal de Primera Instancia. Sobre los méritos de los errores señalados, no obstante, reconoció la amplia discreción que la ley ha conferido al Superintendente sobre expedir o revocar una licencia, expuso

---

haberle notificado la revocación o cancelación de las mismas; se le negó su derecho a vista y a que se consignaran los fundamentos de hecho y de

que la ausencia de oportunidad de ser oído e inobservancia de los requisitos mínimos para salvaguardar los derechos de Román Ruiz —sin vista administrativa ni resolución de causas o fundamentos para apoyar la decisión—, no significaba que no debería garantizarse el debido proceso. Determinó además, que ese debido proceso de ley surgía claramente de **la Orden General 83-6 (Rev. 1) de la Policía sobre las Normas y Procedimientos para la Solicitud, Registro, Traspaso y Revocación de Licencias y para la Inscripción y Disposición de Armas de Fuego, Bajo las Leyes de Armas, de Tiro al Blanco y de Vida Silvestre**. Por último, dicho Tribunal mencionó, que no existía evidencia sustancial que apoyara la decisión del Superintendente.

A solicitud del Superintendente, revisamos.[2]

II

Incidió el Circuito de Apelaciones. La cancelación de una licencia de posesión y portación de armas y de guardia de seguridad están reguladas por leyes y reglamentos diferentes. La cuestión planteada deber ser evaluada, no sólo a la luz de la Ley de Armas, como lo hizo el Circuito de Apelaciones, sino bajo esas diferentes leyes y reglamentos. Nos explicamos.

Ciertamente la Ley de la Judicatura en su Art. 4.002(g) dispuso que el Circuito de Apelaciones tendría jurisdicción para atender, mediante recurso de revisión, discrecional, las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo a los términos y condiciones establecidos por la LPAU.

---

derecho que fundamentaban esa decisión.

[2] El Procurador General expone y discute los siguientes señalamientos:

> "1. Erró el Honorable Tribunal de Circuito de Apelaciones en sustituir la norma establecida en Ayala Alicea v. E.L.A., 118 D.P.R. 507 (1987) y determinar que procede una revisión judicial en vez de un juicio de novo en los casos en que el Superintendente de la Policía de Puerto Rico cancele o deniegue una licencia para tener y poseer un arma de fuego.

> 2. Erró el Honorable Tribunal de Circuito de Apelaciones al considerar la controversia en sus méritos ya que no era de su competencia conforme la ley y jurisprudencia aplicable."

La LPAU, fue enmendada para atemperarla a la nueva Ley de la Judicatura. En lo pertinente dispuso que una parte adversamente afectada por un dictamen de una agencia, agotados todos los remedios provistos por la agencia o el organismo administrativo correspondiente, podrá presentar la revisión ante el Circuito de Apelaciones, dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La revisión se realizará tomando como base el expediente administrativo; las determinaciones de hecho serán sostenidas por dicho Tribunal si están basadas en evidencias sustancial, pero las conclusiones de derecho son revisables en todos sus aspectos. (Sec. 4.5; 3 L.P.R.A. sec. 2175).

Como el propósito que perseguía la Ley de la Judicatura era lograr la máxima unificación de la jurisdicción, funcionamiento y administración de nuestro sistema judicial, ésta dispuso que con su aprobación toda ley o parte de ley que fuera contraria quedaba derogada. (Art. 10.002, 4 L.P.R.A. sec. 23(m)).

La controversia inicial ante nos –cuál es el recurso y foro apropiado para atender una actuación del Superintendente de la Policía cancelando una **licencia de posesión de arma de fuego**– conlleva determinar si la jurisdicción del Tribunal Superior concedídale en la Ley de Armas quedó enmendada por la Ley de la Judicatura y ahora corresponde al Circuito; implica examinar todas las disposiciones específicas pertinentes. De entrada, notamos que la revocación de licencias de posesión de armas de fuego está detalladamente regulada por el Art. 19 de la Ley de Armas (25 L.P.R.A. sec. 429 (c) y (d)), que dispone:

> "(c) Cuando después de practicar la investigación correspondiente resultare que el Superintendente de la Policía de Puerto Rico ha concedido una licencia para tener y poseer un arma de fuego a base de la información de hechos falsos o de la ocultación de hechos por parte del interesado, o cuando después de concedida una licencia resultare que el concesionario no tiene derecho a la misma de acuerdo con las disposiciones de este Capítulo, o cuando después de concedida dicha licencia resultare que el concesionario no era acreedor a la misma por alguna razón a juicio del Superintendente de la Policía de Puerto Rico, o cuando después de la concesión de la licencia el concesionario realizare algún acto que justificare la cancelación de la misma de acuerdo con lo dispuesto en este

Capítulo, dicho Superintendente de la Policía de Puerto Rico podrá cancelar la licencia así concedida y el concesionario estará en la obligación de entregarle el arma de fuego adquirida y poseída a virtud de dicha licencia al Superintendente de la Policía de Puerto Rico o al agente de orden público que lo represente. Si el concesionario dejare de entregar dicha arma de fuego dentro del término de cinco (5) días contados desde la fecha en que fuere para ello requerido por el Superintendente de la Policía de Puerto Rico incurrirá en delito menos grave, y convicto que fuere será castigado con una pena de cárcel no menor de tres (3) meses ni mayor de un (1) año.

(d) Cuando el Superintendente de la Policía de Puerto Rico denegare a una persona una licencia para tener y poseer un arma de fuego bajo las disposiciones de este Capítulo, o cuando dicho funcionario cancelare una licencia bajo las disposiciones del inciso (c) de esta sección, **la persona afectada podrá comparecer ante la sala del Tribunal Superior del lugar en que radicare su residencia y formular de nuevo su solicitud. El tribunal notificará al Superintendente de la Policía de Puerto Rico, quien podrá comparecer a sostener su negativa, y resolverá con la intervención del fiscal.** El Tribunal Superior estará autorizado para requerir las pruebas y ordenar las investigaciones que considerase necesarias y convenientes, y su decisión será final y firme."

Vemos pues, que estamos ante un procedimiento que no es uno de revisión propiamente, sujeto al récord administrativo. Autoriza a la persona afectada, a formular **"de nuevo"** su solicitud ante el Tribunal Superior, cuyo foro viene obligado a notificar al Superintendente y resolver el asunto con la intervención del Ministerio Fiscal. Así notificado, el Superintendente, si lo estima necesario, podrá comparecer a sostener su negativa. Se autoriza expresamente al Tribunal a requerir las pruebas y ordenar las investigaciones que considere necesarias y convenientes, y su decisión será final y firme. Se trata de una disposición estatutaria muy peculiar, que contempla tanto la intervención del Superintendente, como de un fiscal. El procedimiento establecido no es una revisión sino un **juicio de novo**, donde se puede ordenar investigar, tomar en consideración evidencia que no estuvo ante la agencia administrativa y llegar a una conclusión propia a base de la prueba desfilada. Véase Ayala Alicea v. E.L.A., 118 D.P.R. 507 (1987); Muñoz, Torres v. Superintendente Policía, 125 D.P.R. 603 (1990).

Concluimos que el recurso y el foro apropiado que tenía Román Ruiz para cuestionar la cancelación de su licencia de posesión de armas no era

**una revisión ante el Tribunal de Circuito**. Éste no poseía jurisdicción sobre dicho asunto. Lo procedente era una nueva solicitud de licencia para poseer un arma de fuego ante el Tribunal de Primera Instancia, el cual evaluaría el asunto como un **juicio de novo**, no una revisión administrativa. La diferencia en cuanto a ambos recursos es que en el **juicio de novo**, el Tribunal podrá recibir cualquier prueba que presenten las partes a su favor, independientemente que no haya sido presentada ante el Superintendente, y evaluarla según su propio criterio sin necesidades de conferirse deferencia a la decisión administrativa, como estaría sujeto ante un recurso de revisión administrativa.

La única variación que la Ley de la Judicatura, produjo sobre el Art. 19 de la Ley de Armas fue sustituir el Tribunal Superior por el **Tribunal de Primera Instancia**.

III

Aclarado este extremo, notamos también que el procedimiento especial para cuestionar la cancelación de una licencia de guardia de seguridad, está regulado por la Ley de Detectives Privados en Puerto Rico, –Núm. 108 de 1 de julio de 1965, 25 L.P.R.A. secs. 285, <u>et seq.</u>–. Su Art. 15 (3), reza:

> "3. [El Superintendente] [t]endrá facultad para expedir, renovar o denegar licencia de detectives privados o de agencias, así como para revocar licencias que ya hubieren sido expedidas. El Superintendente no denegará una solicitud de licencia ni revocará una licencia previamente concedida, sin la previa notificación a la parte interesada sobre la celebración de una vista donde dicha parte tendrá oportunidad de comparecer a presentar evidencia, a interrogar testigos, y a exponer lo que a su derecho convenga. El Superintendente notificará por escrito en todo caso las razones en que basa su acción o determinación.
>
> Cuando el Superintendente denegare o revocare una licencia, **la parte agraviada podrá dentro de los diez días siguientes a la fecha de la notificación de dicha determinación solicitar revisión ante la Sala de San Juan del Tribunal Superior de Puerto Rico. La revisión se hará mediante juicio de novo, debiendo el Superintendente elevar** ante el Tribunal Superior los autos originales del caso, dentro de los quince días siguientes a la fecha de la radicación del recurso de revisión." (Énfasis suplido).

Nuevamente estamos ante el esquema de **un juicio de novo**, cuya única diferencia de la Ley de Armas, es que se ordena elevar al Tribunal "los autos originales del caso". Por ser su naturaleza un **juicio de novo**, no revisión administrativa, la Ley de la Judicatura tampoco enmendó ni afectó esta Ley. El Tribunal de Instancia, no el Circuito de Apelaciones, es el que tiene jurisdicción para atender las cancelaciones de licencias de guardia de seguridad decretadas por el Superintendente.

IV

La claridad de los procedimientos especiales para cuestionar la cancelación de las licencias de posesión de arma de fuego y de guardia de seguridad, supera cualesquiera dudas sobre el recurso disponible a una persona si el Superintendente no sigue el procedimiento para cancelarlas.[3] Ese fue el tercer planteamiento de error de Román Ruiz ante el Circuito de Apelaciones.

Sin embargo, el cuestionamiento de cualesquiera acciones de ese tipo por el Superintendente –omitiendo observar el procedimiento adecuado y demás formalidades–, precisamente también sería materia apropiada a ser levantada primeramente ante el Tribunal de Primera Instancia, no en revisión ante el Circuito de Apelaciones. Lo contrario duplicaría los procedimientos, pues la vista del **juicio de novo** precisamente permite la presentación de toda la prueba procesal y sustancial pertinente, incluso aquella demostrativa de que el Superintendente no observó los requisitos en ley y administrativos para cancelar las licencias.

En resumen, resolvemos que el Tribunal de Circuito erró al asumir jurisdicción sobre la revisión de Román Ruiz y procede revocar su Sentencia.

Se dictará la correspondiente Sentencia.

---

[3] Por ejemplo, si no cumple con el requisito de notificar tal cancelación; no celebra la vista administrativa requerida en cuanto a las licencias de guardias de seguridad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José A. Román Ruiz

   Demandante-Recurrido


     v.                    CC-1999-486        Certiorari

Estado Libre Asociado de
Puerto Rico, Policía de P.R.,
Superintendente

   Demandado-Peticionario



SENTENCIA



San Juan, Puerto Rico, a 27 de marzo de 2000

     Por los fudamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se revoca la Sentencia del Tribunal de Circuito de Apelaciones de fecha 28 de mayo de 1999.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Isabel Llompart Zeno
                       Secretaria del Tribunal Supremo