EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ranger American of P.R., Inc.<br><br>Peticionaria<br><br>v.<br><br>Loomis Fargo & Co. of Puerto Rico<br><br>Recurrido | Certiorari<br><br>2007 TSPR 127<br><br>171 DPR \_\_\_\_ |

Número del Caso: CC-2005-1076

Fecha: 19 de junio de 2007

Tribunal de Apelaciones:

Región Judicial de San Juan Panel II

Juez Ponente:

Hon. Troadio González Vargas

Abogado de la Parte Peticionaria:

Lcdo. Ricardo E. Carrillo Delgado

Abogado de la Parte Recurrida:

Lcdo. Juan A. Frau Escudero

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ranger American of P.R., Inc.

    Peticionaria

        v.

                                CC-2005-1076

Loomis Fargo & Co. of Puerto Rico

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 19 de junio de 2007

Corresponde determinar si el remedio de revisión mediante juicio *de novo* ante el Tribunal de Primera Instancia, estatuido por la Ley de Detectives Privados en Puerto Rico para una parte a quien el Superintendente de la Policía le deniega o le revoca una licencia para ejercer como detective privado o para operar una agencia de seguridad o de detectives privados, también debe ser utilizado por un tercero quien ha solicitado del Superintendente de la Policía la cancelación de una licencia expedida por virtud de dicha ley.

I

La agencia de seguridad Ranger American of Puerto Rico, Inc. (Ranger American), presentó una querella ante la Policía de Puerto Rico contra Loomis Fargo & Co. of Puerto Rico (Loomis Fargo), alegando que esta compañía había obtenido su licencia de agencia de seguridad[1] en contravención del artículo 9(b) de la Ley de Detectives Privados en Puerto Rico (Ley de Detectives), Ley Núm. 108 de 29 de junio de 1965, según enmendada, 25 L.P.R.A. sec. 285h.[2]  En síntesis, adujo que la persona que figuraba como principal funcionario ejecutivo de Loomis Fargo, el señor Otilio Martínez Torres (Martínez Torres), era un empleado unionado que realizaba labores de chofer de camiones blindados y no su principal ejecutivo, como exige el referido artículo de la Ley de Detectives.  Por lo anterior, alegó que como el principal funcionario ejecutivo de Loomis Fargo no tenía licencia de detective privado, procedía la cancelación de la licencia que tenía la compañía para operar su agencia de seguridad ya que no fue concedida conforme la Ley.

En atención a la querella presentada por Ranger American, el 5 de diciembre de 2003, el Superintendente de la

---

[1] De acuerdo al expediente, Loomis Fargo también tenía licencia para operar una agencia de detectives privados expedida por el Superintendente de la Policía de Puerto Rico.

[2] En esencia, la ley establece que el Superintendente concederá licencias para la operación de agencias de detectives privados o de agencias de seguridad si son solicitadas por una corporación que tenga como su principal funcionario ejecutivo a una persona que a su vez posea licencia de detective privado expedida por el Superintendente de la Policía de Puerto Rico conforme la Ley de Detectives. 25 L.P.R.A. sec. 285h(b).

Policía (el Superintendente), le notificó por escrito a Loomis Fargo su intención de revocarle las licencias que poseía para operar su agencia de seguridad y de agencia de detectives privados. En respuesta, Loomis Fargo solicitó que se celebrara una vista administrativa, conforme se le informó en la comunicación que recibió por parte del Superintendente.[3]

Así las cosas, y antes de celebrase la vista administrativa solicitada, Loomis Fargo le indicó al Superintendente que había designado al señor Ricardo D. Emmanuelli Corretjer (Emmanuelli Corretjer) como su vicepresidente de seguridad y principal funcionario ejecutivo. Conforme lo anterior, la compañía solicitó que las licencias que tenía para operar su agencia de seguridad y de detectives privados que habían sido expedidas a nombre del señor Martínez Torres, se enmendaran, renovaran y expidieran a nombre del señor Emmanuelli Corretjer, por ser éste su principal funcionario ejecutivo y quien tenía licencia de detective privado según requerido por la Ley de Detectives.

Luego de celebrase la vista administrativa solicitada por Loomis Fargo, el oficial examinador que presidió la misma rindió un informe en el que concluyó que la Ley de Detectives no especificaba ni proveía definición alguna en cuanto a las funciones que debía realizar el principal funcionario

---

[3] En la comunicación mediante la cual se le notificó la intención del Superintendente de revocarle las licencias concedidas, se apercibió a Ranger American de su derecho a solicitar una vista administrativa ante el Superintendente de la Policía.

ejecutivo identificado en la gestión de la licencia. Más aún, determinó que de haber existido una controversia en cuanto a lo anterior y la concesión de las licencias impugnadas, ésta quedó subsanada con el nombramiento de Emmanuelli Corretjer como principal funcionario ejecutivo de Loomis Fargo.

El Superintendente acogió la recomendación del oficial examinador y emitió una resolución dejando sin efecto la comunicación original que le había cursado a Loomis Fargo, notificándole su intención de revocarle las licencias en controversia. Además, en dicha resolución autorizó se expidieran las licencias solicitadas por Loomis Fargo y apercibió a Ranger American sobre su derecho a solicitar reconsideración de esta determinación, lo que oportunamente hizo esta compañía.

Transcurridos más de quince (15) días sin que se atendiera su reconsideración, Ranger American acudió ante el Tribunal de Apelaciones mediante recurso de revisión administrativa. Dicho foro desestimó el recurso presentado por entender que no tenía jurisdicción para considerarlo. Razonó que de acuerdo al lenguaje del Artículo 15(3) de la Ley de Detectives, 25 L.P.R.A. sec. 285n(3), la revisión de la determinación del Superintendente tenía que efectuarse ante el Tribunal de Primera Instancia mediante un juicio *de novo* y no ante el foro apelativo intermedio a través del mecanismo de revisión de determinaciones administrativas

estatuido por la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.).

En desacuerdo, Ranger American solicitó revisión de la determinación del foro apelativo intermedio ante este Tribunal alegando que:

> Erró el Honorable Tribunal de Apelaciones al determinar que carecía de jurisdicción para entender en el recurso de revisión judicial ante su consideración. Dicha determinación es contraria a derecho, ya que el recurso presentado era el único disponible en ley para la peticionaria. Al así hacerlo, el Honorable Tribunal de Apelaciones erró al realizar una interpretación errónea de la Ley de Detectives Privados, 25 L.P.R.A. sec. 285 *et seq.*

> Erró el Honorable Tribunal de Apelaciones al determinar que la peticionaria no agotó el remedio provisto por el Artículo 15(3), 25 L.P.R.A. sec. 285(n), conocida como la Ley de Detectives Privados, el cual solo proveía el remedio de revisión judicial a través del "juicio de novo" ante el Tribunal Superior para aquellos tenedores de licencia de detectives privados que el Superintendente de la Policía le hubiera revocado o denegado. La parte peticionaria no tenía tal remedio disponible, ya que no era tenedora de la licencia en controversia, sino que ésta cuestionaba mediante querella su expedición en violación a la citada ley.

Expedimos el auto. Contando con la comparecencia de las partes, y estando en posición de resolver el recurso ante nuestra consideración, procedemos a así hacerlo.

## II

Como anticipáramos, corresponde determinar si el remedio de revisión mediante juicio *de novo* que tiene a su disposición una parte a quien el Superintendente de la Policía deniega o revoca una licencia para ejercer como detective privado o para la operación de una agencia de seguridad o de detectives privados, tiene que ser utilizado

también por un tercero a quien se le desestima una querella, o solicitud análoga, presentada ante el Superintendente para impugnar la concesión de una licencia que éste ha concedido.

En su comparecencia, Ranger American argumentó que el único remedio de revisión que tiene a su disposición es la revisión judicial ordinaria ante el Tribunal de Apelaciones dispuesta por la L.P.A.U. Sostiene que el mecanismo de revisión *de novo* ante el Tribunal de Primera Instancia está disponible **únicamente para una parte a quien el Superintendente de la Policía le deniega o revoca una licencia**. En vista de ello concluye que en lo que respecta a su caso, el foro con jurisdicción lo era el tribunal apelativo intermedio por lo que procedía revocar la determinación que realizó dicho tribunal y que es objeto de revisión ante nosotros.

Por su parte, Loomis Fargo sostiene que la proposición de Ranger American es improcedente porque "resultaría que para un mismo procedimiento existan dos mecanismos de intervención o revisión judicial dependiendo del resultado de dicho procedimiento." Así, sostiene que "el único remedio de revisión judicial provisto por la Ley especial en cuestión, o sea el juicio *de novo*, es el proceso aplicable a todos los casos en que se solicite o plantee la cancelación, denegación o revocación de una licencia" concedida por virtud de la Ley de Detectives.

Planteada la controversia bajo estos términos, pasemos a resolver la misma.

**A**

La Ley de Detectives Privados en Puerto Rico, Ley Núm. 108 de 29 de junio de 1965, según enmendada, *supra*, regula la profesión de detective privado y la de agente de seguridad en Puerto Rico, al igual que la operación de negocios para ofrecer estos servicios. Específicamente, el estatuto se aprobó con el propósito de "reglamentar la profesión de detective privado, las agencias de detectives privados y las agencias de seguridad para la protección de empresas privadas, las escuelas para la enseñanza de detectives privados y fijar penalidades por las violaciones [a la] Ley." Exposición de Motivos, Ley Núm. 108 de 29 de junio de 1965. Esta legislación obedece al interés del Estado de regular toda actividad de carácter policial desempeñada por entes privados para garantizar así que sólo personas cualificadas puedan realizar esta labor. *Wackenhunt Corp. v. Rodríguez Aponte*, 100 D.P.R. 518, 524 (1972). De ahí que la ley provea un esquema abarcador para atender todo lo relativo a este negocio o profesión.

De acuerdo a la Ley de Detectives, todo interesado en ejercer la profesión de detective o en operar una agencia de seguridad o de detectives privados, tiene que presentar una solicitud de licencia para estos fines ante el Superintendente de la Policía, conforme lo estipulado por el estatuto. 25 L.P.R.A. secs. 285d y 285i. En función de lo anterior, la ley delimita las facultades y prerrogativas del Superintendente al momento de considerar solicitudes de

licencia o la revocación de aquellas que ya ha concedido. Más aún, el estatuto establece el mecanismo de revisión que tiene a su disposición una parte a la que el Superintendente le deniega o revoca una licencia expedida por virtud de la Ley.

Específicamente, el estatuto establece que el Superintendente:

> (3) Tendrá facultad para expedir, renovar o denegar licencias de detectives privados o de agencias, así como para revocar licencias que ya hubieren sido expedidas. El Superintendente no denegará una solicitud de licencia ni revocará una licencia previamente concedida, sin la previa notificación a la parte interesada sobre la celebración de una vista donde dicha parte tendrá oportunidad de comparecer a presentar evidencia, a interrogar testigos, y a exponer lo que a su derecho convenga. El Superintendente notificará por escrito en todo caso las razones en que basa su acción o determinación.

25 L.P.R.A. sec. 285n(3).

En cuanto al proceso de revisión disponible a una parte inconforme con la determinación del Superintendente de denegar o revocar una licencia, la ley estipula lo siguiente:

> Cuando el Superintendente denegare o revocare una licencia, la parte agraviada podrá dentro de los diez días siguientes a la fecha de la notificación de dicha determinación solicitar revisión ante la Sala de San Juan del Tribunal de Primera Instancia de Puerto Rico. **La revisión se hará mediante juicio de novo**, debiendo el Superintendente elevar ante el Tribunal Superior los autos originales del caso, dentro de los quince días siguientes a la fecha de radicación del recurso de revisión.

*Id.* (Énfasis suplido.)

En el pasado, tuvimos oportunidad de analizar el procedimiento de revisión de determinaciones del Superintendente descrito anteriormente. Así, en *Román Ruiz*

*v. E.L.A.*, 150 D.P.R. 639 (2000), concluimos que el proceso de revisión mediante juicio *de novo* estatuido en la Ley de Detectives no había sido desplazado por el remedio de revisión administrativa de la L.P.A.U. Conforme lo anterior, específicamente pautamos que **"[e]l tribunal de instancia, no el Tribunal [de Apelaciones], es el que tiene jurisdicción para atender las cancelaciones de licencia de guardia de seguridad decretadas por el Superintendente."** *Id.*, 648. (Énfasis suplido). Expresamos además que la claridad del procedimiento especial para "cuestionar la cancelación de las licencias . . . de guardia de seguridad, supera cualesquiera dudas sobre el recurso disponible a una persona si el Superintendente no sigue el procedimiento para cancelarlas." *Id.*, 648-649. Más aún, añadimos que:

> el cuestionamiento de cualesquiera acciones de ese tipo por el Superintendente –omitiendo observar el procedimiento adecuado y demás formalidades– precisamente también sería materia apropiada que **debe ser dilucidada primeramente ante el Tribunal de Primera Instancia, no en revisión ante el Tribunal [de Apelaciones]. Lo contrario duplicaría los procedimientos**, pues la vista del *juicio de novo* precisamente permite la presentación de toda la prueba procesal y sustancial pertinente, incluso aquella demostrativa de que el Superintendente no observó los requisitos en ley y administrativos para cancelar las licencias.

*Id.*, 649.

A la luz de la discusión anterior, es claro y así nos reafirmamos, que el mecanismo provisto en la Ley de Detectives para solicitar revisión de una determinación del Superintendente que deniega o revoca una licencia concedida por virtud de la Ley de Detectives, no fue desplazado por la

L.P.A.U., por lo que quien interese solicitar la revisión de este tipo de determinaciones del Superintendente, tiene que presentar su recurso ante el Tribunal de Primera Instancia donde será atendido mediante un juicio *de novo*.[4]

Como expresáramos, Ranger American nos arguye que toda vez que la ley se refiere a la revisión de la denegatoria de concesión de licencia, el mecanismo de revisión de juicio *de novo* ante el tribunal de instancia no aplica a la situación de autos pues **aquí se trata de un tercero ajeno al proceso de concesión de una licencia, quien ha impugnado la concesión de la misma.**[5]        Ante esta situación aduce que debe aplicarse

---

[4] La conclusión anterior, en el sentido de que el remedio de revisión provisto en la Ley de Detectives no ha sido desplazado por la L.P.A.U., encuentra fundamento adicional en el propio lenguaje de este último estatuto. Específicamente, hacemos referencia a la sección 5.4 de la L.P.A.U., 3 L.P.R.A. sec. 2184, que estipula que "[t]oda persona a la que una agencia deniegue la concesión de una licencia . . . **o gestión similar** tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo, **según se establezca en la ley especial de que se trate** y en las secs. 2151 a 2168 de este título." Como vemos, la propia L.P.A.U. refiere al proceso de revisión estatuido por "la ley especial de que se trate," a quien interese impugnar una determinación administrativa de una agencia que deniegue la concesión de una licencia o gestión similar. Así, y cónsono con nuestros pronunciamientos, reiteramos una vez más que el remedio que tiene aquél a quien el Superintendente deniegue o revoque una licencia otorgada conforme la Ley de Detectives, es el de revisión mediante juicio *de novo* ante el Tribunal de Primera Instancia que estableció el referido estatuto.

[5] Cabe señalar, que nada impedía que Loomis Fargo, como competidor de Ranger American, impugnara la licencia otorgada a esta última y solicitara del Superintendente la cancelación de la misma. Hemos reconocido que competidores pueden impugnar la concesión de licencias o permisos, a pesar de que éstos no fueron parte en los procedimientos administrativos celebrados para conceder los mismos. *San Antonio Maritime v. P.R. Cement Co.*, 153 D.P.R. 374 (2001). Esta participación es permitida siempre y cuanto el interesado demuestre tener un interés legítimo en el procedimiento. *Id.*, 389-395. El interés legítimo de un competidor puede comprender intereses

entonces lo dispuesto en la L.P.A.U. y que por lo tanto, el tribunal con jurisdicción lo es el Tribunal de Apelaciones.

**B**

La Ley de Detectives Privados en Puerto Rico, como hemos indicado, establece el procedimiento que tiene que seguir el Superintendente de la Policía de Puerto Rico para conceder licencias de detectives privados o para la operación de agencias de seguridad o de detectives privados. Además, el estatuto establece el mecanismo de revisión que tiene a su disposición toda persona, natural o jurídica, a quien el Superintendente le deniega o revoca una licencia expedida por virtud de la Ley de Detectives. *Román Ruiz v. E.L.A.*, *supra*; *véase además* 25 L.P.R.A. sec. 285n. Es por ello que Ranger American sostiene que el procedimiento de juicio *de novo* aplica con exclusividad a casos en que se revoca o deniega una licencia.

Si bien es cierto que el texto de la Ley de Detectives habla en los términos antes descritos, cuando expresa: "cuando el Superintendente denegare o revocare una licencia. . .", no podemos avalar la interpretación propuesta por Ranger American. Somos del criterio que la interpretación más sensata y lógica es en el sentido de que

---

económicos, ambientales y sociales. *Id.*, 393. Así, siendo el proceso de concesión de licencias y permisos uno establecido con el propósito de proteger al público, procede que permitamos que una persona, natural o jurídica, solicite la cancelación de una licencia expedida por virtud de la Ley de Detectives, a pesar de que no participó o no tiene derecho a participar en el proceso celebrado para la concesión de la misma.

el proceso de revisión mediante juicio *de novo* ante el Tribunal de Primera Instancia de la Ley de Detectives, aplica también a los casos de impugnación de la concesión de una licencia por un tercero; tal y como ha ocurrido en este caso. A fin de cuentas, lo que activa el proceso de revisión no es la denegación o revocación de una licencia, sino que se trata del remedio revisor disponible para la actuación que tome el Superintendente a tenor con la Ley de Detectives, la que fuere. Así, el mecanismo de juicio *de novo* está disponible para quien solicite una licencia o para quien impugne la concesión de la misma.

Como hemos señalado, el remedio de revisión mediante juicio *de novo* es el único mecanismo provisto en la Ley de Detectives para cuestionar una determinación del Superintendente relacionada con las disposiciones de dicha ley. Nos parece de todo punto irrazonable adoptar la tesis propuesta por Ranger American de que existen dos procedimientos distintos de revisión judicial bajo esta ley, en función de quién solicita del Superintendente alguna determinación bajo la Ley de Detectives, o cuál es la determinación que éste toma. Para Ranger American, cuando una persona solicita licencia de detective o licencia para operar una agencia de detectives, la concesión o denegatoria de la misma se revisa mediante juicio *de novo* en el Tribunal de Primera Instancia. Asimismo, el peticionario entiende que cuando un tercero interviene en ese proceso e impugna la actuación del Superintendente, el mecanismo de revisión de la

determinación que pueda tomar el Superintendente es el de revisión administrativa contemplada en la LPAU. Este enrevesado mecanismo de revisión sería contrario al cuidadoso esquema regulador establecido en la Ley de Detectives, así como contrario al principio de uniformidad que permea el derecho administrativo en nuestro país.

La conclusión a la que llegamos, es la más atinada a la luz de los hechos que originan la presente controversia. Recordemos que al ejercer nuestra función interpretativa, tenemos el deber de interpretar un estatuto como un ente armónico, dándole sentido lógico a sus diferentes disposiciones y **supliendo posibles deficiencias en los casos en que sea necesario**. *Departamento de Hacienda v. Telefónica Larga Distancia de Puerto Rico, Inc., et. al*, res. ___ de abril de 2005, 163 D.P.R. ___, 2005 T.S.P.R. 32; *Zambrana Maldonado v. E.L.A.*, *supra*. Al impartirle contenido a una ley debemos asegurarnos siempre que el resultado a que llegamos sea cónsono con el contemplado por el legislador al promulgar la misma.

Conforme la discusión anterior, entendemos que el Tribunal de Apelaciones actuó correctamente al concluir que no tenía jurisdicción para entender en el recurso presentado por Ranger American, al razonar que esta compañía tenía que canalizar su solicitud de revisión conforme el mecanismo de revisión de juicio *de novo* ante el Tribunal de Primera Instancia, estatuido por la Ley de Detectives. Recordemos que los tribunales deben velar rigurosamente por su

jurisdicción, por lo que no pueden asumirla cuando no la tengan. *Landislaus M. Szendrey, et al. v. F. Castillo Family Properties, Inc., et al.*, 169 D.P.R. ___, 2007 T.S.P.R. 6; *Lugo Rodríguez v. Súarez Camejo*, 165 D.P.R. ___(2005), 2005 T.S.P.R. 136; *Morán Ríos v. Marti Bardisona*, 165 D.P.R. ___(2005), 2005 T.S.P.R. 110.

### III

Por los fundamentos expuestos anteriormente, procede dictar sentencia resolviendo que la revisión de la determinación del Superintendente de la Policía en este caso es mediante el mecanismo de juicio *de novo* provisto en la Ley de Detectives de Puerto Rico. Se devuelve el caso al foro administrativo para que se notifique nuevamente la decisión del Superintendente acorde con a lo aquí dispuesto.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ranger American of P.R., Inc.

    Peticionaria

       v.

                              CC-2005-1076

Loomis Fargo & Co. of Puerto Rico

    Recurrido


SENTENCIA

San Juan, Puerto Rico, a 19 de junio de 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia resolviendo que la revisión de la determinación del Superintendente de la Policía en este caso es mediante el mecanismo de juicio *de novo* provisto en la Ley de Detectives de Puerto Rico. Se devuelve el caso al foro administrativo para que se notifique nuevamente la decisión del Superintendente acorde con a lo aquí dispuesto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo