per curiam:
Corresponde determinar si el remedio de revisión mediante juicio de novo ante el Tribunal de Primera Instancia, estatuido por la Ley de Detectives Privados en Puerto Rico para una parte a quien el Superintendente de la Policía le deniega o le revoca una licencia para ejercer como detective privado, o para operar una agencia de seguridad o de detectives privados, también debe ser utilizado por un tercero quien ha solicitado al Superintendente de la Policía la cancelación de una licencia expedida al amparo de esta ley.
I
La agencia de seguridad Ranger American of Puerto Rico, Inc. (Ranger American) presentó una querella ante la Policía de Puerto Rico contra Loomis Fargo & Co. of Puerto Rico (Loomis Fargo), para alegar que esta compañía había obtenido su licencia de agencia de seguridad(1) en contravención del Artículo 9(b) de la Ley de Detectives Privados en Puerto Rico (Ley de Detectives), Ley Núm. 108 de 29 de junio de 1965, según enmendada, 25 L.P.R.A. sec. 285h(b).(2) En síntesis, adujo que la persona que figuraba como principal funcionario ejecutivo de Loomis Fargo, el Sr. Otilio Martínez Torres (Martínez Torres), era un empleado unionado que realizaba labores de chofer de camiones blindados y no su principal ejecutivo, como exige el referido artículo de la Ley de Detectives. Por lo anterior, alegó que, como el principal funcionario ejecutivo de Loomis Fargo no tenía licencia de detective privado, proce *674 día la cancelación de la licencia que tenía la compañía para operar su agencia de seguridad, ya que no fue concedida conforme a esta ley.
En atención a la querella presentada por Ranger American, el 5 de diciembre de 2003, el Superintendente de la Policía (el Superintendente) le notificó por escrito a Loomis Fargo su intención de revocarle las licencias que poseía para operar su agencia de seguridad y de agencia de detectives privados. En respuesta, Loomis Fargo solicitó que se celebrara una vista administrativa, conforme se le informó en la comunicación que recibió por parte del Superintendente.(3)
Así las cosas, y antes de celebrase la vista administrativa solicitada, Loomis Fargo le indicó al Superintendente que había designado al Sr. Ricardo D. Emmanuelli Corretjer (Emmanuelli Corretjer) como su vicepresidente de seguridad y principal funcionario ejecutivo. Conforme a lo anterior, la compañía solicitó que las licencias que tenía para operar su agencia de seguridad y de detectives privados, que habían sido expedidas a nombre del señor Martínez Torres, se enmendaran, renovaran y expidieran a nombre del señor Emmanuelli Corretjer, por ser éste su principal funcionario ejecutivo y quien tenía la licencia de detective privado, según es requerido por la Ley de Detectives.
Luego de celebrase la vista administrativa solicitada por Loomis Fargo, el oficial examinador que la presidió rindió un informe en el que concluyó que la Ley de Detectives no especificaba ni proveía definición alguna en cuanto a las funciones que debía realizar el principal funcionario ejecutivo identificado en la gestión de la licencia. Más aún, determinó que, de haber existido una controversia en cuanto a lo anterior y la concesión de las licencias impugnadas, ésta quedó subsanada con el nombramiento de Emmanue *675 Hi Corretjer como principal funcionario ejecutivo de Loomis Fargo.
El Superintendente acogió la recomendación del oficial examinador y emitió una resolución para dejar sin efecto la comunicación original que le había cursado a Loomis Fargo, y notificarle de su intención de revocarle las licencias en controversia. Además, en dicha resolución autorizó que se expidieran las licencias solicitadas por Loomis Fargo y apercibió a Ranger American de su derecho a solicitar la reconsideración de esta determinación, lo que oportunamente hizo esta compañía.
Transcurridos más de quince días sin que se atendiera su reconsideración, Ranger American acudió ante el Tribunal de Apelaciones mediante un recurso de revisión administrativa. Dicho foro desestimó el recurso presentado por entender que no tenía jurisdicción para considerarlo. Razonó que, de acuerdo con el lenguaje del Artículo 15(3) de la Ley de Detectives, 25 L.RR.A. sec. 285n(3), la revisión de la determinación del Superintendente tenía que efectuarse ante el Tribunal de Primera Instancia mediante un juicio de novo y no ante el foro apelativo intermedio a través del mecanismo de revisión de determinaciones administrativas estatuido por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico de 1991 (L.P.A.U.).
En desacuerdo, Ranger American solicitó la revisión de la determinación del foro apelativo intermedio ante este Tribunal alegando que:
Erró el Honorable Tribunal de Apelaciones al determinar qne carecía de jurisdicción para entender en el recurso de revisión judicial ante su consideración. Dicha determinación es contraria a derecho, ya que el recurso presentado era el único disponible en ley para la peticionaria. Al así hacerlo, el Honorable Tribunal de Apelaciones erró al realizar una interpretación errónea de la Ley de Detectives Privados, 25 L.P.R.A. [see.] 285 [et] seq.
Erró el Honorable Tribunal de Apelaciones al determinar que la peticionaria no agotó el remedio provisto por el Artículo 15(3), 25 L.P.R.A. sec. 285(n), conocida como la Ley de Detectives Privados, el cual sólo proveía el remedio de revisión ju *676 dicial a través del “juicio de novo” ante el Tribunal Superior para aquellos tenedores de licencia de detectives privados que el Superintendente de la Policía le hubiera revocado o denegado. La parte peticionaria no tenía tal remedio disponible, ya que no era tenedora de la licencia en controversia, sino que ésta cuestionaba mediante querella su expedición en violación a la citada ley. Petición de certiorari, págs. 5-6.
Expedimos el auto. Contando con la comparecencia de las partes, y estando en posición de resolver el recurso ante nuestra consideración, procedemos a así hacerlo.
II
Como anticipáramos, corresponde determinar si el remedio de revisión mediante juicio de novo, que tiene a su disposición una parte —a quien el Superintendente de la Policía deniegue o revoque una licencia para ejercer como detective privado o para la operación de una agencia de seguridad o de detectives privados— tiene que ser utilizado también por un tercero a quien se le desestime una querella, o solicitud análoga, presentada ante el Superintendente para impugnar la concesión de una licencia que éste ha concedido.
En su comparecencia, Ranger American argumentó que el único remedio de revisión que tiene a su disposición es la revisión judicial ordinaria ante el Tribunal de Apelaciones dispuesta por la L.P.A.U. Sostiene que el mecanismo de revisión de novo ante el Tribunal de Primera Instancia está disponible únicamente para una parte a quien el Superintendente de la Policía le deniega o revoca una licencia. En vista de ello, concluye que el foro con jurisdicción era el tribunal apelativo intermedio, por lo que procedía revocar la determinación que realizó dicho tribunal y que es objeto de revisión ante nosotros.
Por su parte, Loomis Fargo sostiene que la proposición de Ranger American es improcedente, porque “resultaría que para un mismo procedimiento existan dos mecanismos de intervención o revisión judicial dependiendo del resul *677 tado de dicho procedimiento”. Así, sostiene que “el único remedio de revisión judicial provisto por la Ley especial en cuestión, o sea el juicio de novo, es el proceso aplicable a todos los casos en que se solicite o plantee la cancelación, denegación o revocación de una licencia” concedida al amparo de la Ley de Detectives. (Énfasis suprimido.)
Planteada la controversia según estos términos, pasemos a resolverla.
A. La Ley de Detectives regula la profesión de detective privado y la de agente de seguridad en Puerto Rico, al igual que la operación de negocios para ofrecer estos servicios. Específicamente, el estatuto se aprobó con el propósito de “reglamentar la profesión de detective privado, las agencias de detectives privados y las agencias de seguridad para la protección de empresas privadas, las escuelas para la enseñanza de detectives privados y fijar penalidades por las violaciones [a la] Ley”. Exposición de Motivos de la Ley Núm. 108 de 29 de junio de 1965 (1965 Leyes de Puerto Rico 306). Esta legislación obedece al interés del Estado de regular toda actividad de carácter policial desempeñada por entes privados, para garantizar así que sólo las personas cualificadas puedan realizar esta labor. Wackenhunt Corp. v. Rodríguez Aponte, 100 D.P.R. 518, 524 (1972). De ahí que la ley provea un esquema abarcador para atender todo lo relativo a este negocio o profesión.
De acuerdo con la Ley de Detectives, todo interesado en ejercer la profesión de detective, o en operar una agencia de seguridad o de detectives privados, tiene que presentar una solicitud de licencia para estos fines ante el Superintendente de la Policía, conforme a lo estipulado por el estatuto. 25 L.P.R.A. secs. 285d y 285i. En función de lo anterior, la ley delimita las facultades y prerrogativas del Superintendente al momento de considerar las solicitudes de licencia o la revocación de las concedidas. Más aún, el estatuto establece el mecanismo de revisión que tiene a su *678 disposición una parte a la que el Superintendente deniega o revoca una licencia expedida según la ley.
Específicamente, el estatuto establece que el Superintendente:
(3) Tendrá facultad para expedir, renovar o denegar licencias de detectives privados o de agencias, así como para revocar licencias que ya hubieren sido expedidas. El Superintendente no denegará una solicitud de licencia ni revocará una licencia previamente concedida, sin la previa notificación a la parte interesada sobre la celebración de una vista donde dicha parte tendrá oportunidad de comparecer a presentar evidencia, a interrogar testigos, y a exponer lo que a su derecho convenga. El Superintendente notificará por escrito en todo caso las razones en que basa su acción o determinación. 25 L.P.R.A. see. 285n(3).
En cuanto al proceso de revisión disponible a una parte inconforme con la determinación del Superintendente de denegar o revocar una licencia, la ley estipula lo siguiente:
Cuando el Superintendente denegare o revocare una licencia, la parte agraviada podrá dentro de los diez días siguientes a la fecha de la notificación de dicha determinación solicitar revisión ante la Sala de San Juan del Tribunal de Primera Instancia de Puerto Rico. La revisión se hará mediante juicio de novo, debiendo el Superintendente elevar ante el Tribunal Superior los autos originales del caso, dentro de los quince días siguientes a la fecha de radicación del recurso de revisión. (Enfasis suplido.) 25 L.P.R.A. sec. 285n(3).
En el pasado tuvimos la oportunidad de analizar este procedimiento de revisión de determinaciones del Superintendente. Así, en Román Ruiz v. E.L.A., 150 D.P.R. 639 (2000), concluimos que el proceso de revisión mediante juicio de novo, estatuido en la Ley de Detectives, no había sido desplazado por el remedio de la revisión administrativa de la L.RA.U. Conforme a lo anterior, pautamos específicamente que “[é]l tribunal de instancia, no el Tribunal [de Apelaciones], es el que tiene jurisdicción para atender las cancelaciones de licencia de guardia de seguridad decretadas por el Superintendente” (Enfasis suplido.) íd., pág. 648. Expresamos, además, que la claridad del procedi *679 miento especial para “cuestionar la cancelación de las licencias ... de guardia de seguridad, supera cualesquiera dudas sobre el recurso disponible a una persona si el Superintendente no sigue el procedimiento para cancelarlas”, íd., págs. 648-649. Más aún, añadimos que
... el cuestionamiento de cualesquiera acciones de ese tipo por el Superintendente —omitiendo observar el procedimiento adecuado y demás formalidades— precisamente también sería materia apropiada que debe ser dilucidada primeramente ante el Tribunal de Primera Instancia, no en revisión ante el Tribunal [de Apelaciones\. Lo contrario duplicaría los procedimientos, pues la vista del juicio de novo precisamente permite la presentación de toda la prueba procesal y sustancial pertinente, incluso aquella demostrativa de que el Superintendente no observó los requisitos en ley y administrativos para cancelar las licencias. (Énfasis suplido.) Román Ruiz v. E.L.A., supra, pág. 649.
A la luz de esta discusión, es claro y así nos reafirmamos, que el mecanismo provisto por la Ley de Detectives para solicitar una revisión de una determinación del Superintendente, que deniegue o revoque una licencia concedida según la Ley de Detectives, no fue desplazado mediante la L.P.A.U. Quien interese solicitar la revisión de este tipo de determinaciones del Superintendente tiene que presentar su recurso ante el Tribunal de Primera Instancia, donde será atendido mediante un juicio de novo.(4)
*680 Como expresáramos, Ranger American nos arguye que ya que la ley se refiere a la revisión de la denegatoria de una concesión de licencia, el mecanismo de revisión de juicio de novo ante el tribunal de instancia no aplica a la situación de autos, pues aquí se trata de un tercero ajeno al proceso de concesión de una licencia, quien ha impugnado la concesión de ésta.(5) Ante esta situación aduce que debe aplicarse entonces lo dispuesto en la L.RA.U. y que, por lo tanto, el tribunal con jurisdicción es el Tribunal de Apelaciones.
B. La Ley de Detectives Privados, como hemos indicado, establece el procedimiento que tiene que seguir el Superintendente de la Policía de Puerto Rico para conceder licencias de detectives privados o para la operación de agencias de seguridad o de detectives privados. Además, el estatuto establece el mecanismo de revisión que tiene a su disposición toda persona, natural o jurídica, a quien el Superintendente le deniega o revoca una licencia expedida por virtud de la Ley de Detectives. Román Ruiz v. E.L.A., supra. Véase, además, 25 L.P.R.A. sec. 285n. Es por ello que Ranger American sostiene que el procedimiento de juicio de novo aplica con exclusividad a casos en los que se revoca o deniega una licencia.
Si bien es cierto que el texto de la Ley de Detectives habla en los términos antes descritos, cuando expresa: “cuando el Superintendente denegare o revocare una licencia”, no podemos avalar la interpretación propuesta por *681 Ranger American. Somos del criterio que la interpretación más sensata y lógica es en el sentido de que el proceso de revisión mediante juicio de novo ante el Tribunal de Primera Instancia según la Ley de Detectives, aplica también a los casos de impugnación de la concesión de una licencia por un tercero, tal y como ha ocurrido en este caso. A fin de cuentas, lo que activa el proceso de revisión no es la denegación o revocación de una licencia, sino que se trata del remedio revisor disponible para la acción que tome el Superintendente al amparo de la Ley de Detectives, la que fuere. Así, el mecanismo de juicio de novo está disponible para quien solicite una licencia o para quien impugne su concesión.
Como hemos señalado, el remedio de revisión mediante juicio de novo es el único mecanismo provisto en la Ley de Detectives para cuestionar una determinación del Superintendente relacionada con las disposiciones de la ley. Nos parece de todo punto irrazonable adoptar la tesis propuesta por Ranger American de que existen dos procedimientos distintos de revisión judicial según esta ley, en función de quién solicita al Superintendente alguna determinación según la Ley de Detectives, o cuál es la determinación que éste toma. Para Ranger American, cuando una persona solicita la licencia de detective o la licencia para operar una agencia de detectives, la concesión o su denegatoria se revisa mediante juicio de novo en el Tribunal de Primera Instancia. Asimismo, el peticionario entiende que, cuando un tercero interviene en ese proceso e impugna la actuación del Superintendente, el mecanismo de revisión de la determinación que pueda tomar el Superintendente es el de revisión administrativa que dispone la L.P.A.U. Este enrevesado mecanismo de revisión sería contrario al cuidadoso esquema regulador establecido en la Ley de Detectives, así como contrario al principio de uniformidad que permea el derecho administrativo en nuestro país.
La conclusión a la que llegamos, es la más atinada a la luz de los hechos que originan esta controversia. Re *682 cordemos que, al ejercer nuestra función interpretativa, tenemos el deber de interpretar un estatuto como un ente armónico, dándole sentido lógico a sus diferentes disposiciones y supliendo las posibles deficiencias en los casos en que sea necesario. Departamento Hacienda v. Telefónica, 164 D.P.R. 195 (2005); Zambrana Maldonado v. E.L.A., supra. Al impartirle contenido a una ley debemos asegurarnos siempre de que el resultado al que llegamos sea cónsono con el contemplado por el legislador al promulgarla.
Conforme a la discusión anterior, entendemos que el Tribunal de Apelaciones actuó correctamente al concluir que no tenía jurisdicción para entender en el recurso presentado por Ranger American, y razonar que esta compañía tenía que canalizar su solicitud de revisión conforme el mecanismo de revisión de juicio de novo ante el Tribunal de Primera Instancia, estatuido por la Ley de Detectives. Recordemos que los tribunales deben velar rigurosamente por su jurisdicción, por lo que no pueden asumirla cuando no la tengan. S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873 (2007); Lugo v. Suárez, 165 D.P.R. 729 (2005); Morán v. Martí, 165 D.P.R. 356 (2005).
III
Por los fundamentos expuestos, procede dictar sentencia para resolver que la revisión de la determinación del Superintendente de la Policía en este caso es mediante el mecanismo de juicio de novo provisto en la Ley de Detectives de Puerto Rico. Se devuelve el caso al foro administrativo para que se notifique nuevamente la decisión del Superintendente acorde con lo aquí dispuesto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.

 De acuerdo con el expediente, Loomis Fargo & Co. of Puerto Rico (Loomis Fargo) también tenía licencia para operar una agencia de detectives privados expedida por el Superintendente de la Policía de Puerto Rico.

 En esencia, la ley establece que el Superintendente concederá licencias para la operación de agencias de detectives privados o de agencias de seguridad, si son solicitadas por una corporación que tenga como su principal funcionario ejecutivo a una persona que, a su vez, posea la licencia de detective privado expedida por el Superintendente de la Policía de Puerto Rico conforme al Artículo 9(b) de la Ley de Detectives Privados en Puerto Rico (Ley de Detectives), 25 L.P.R.A. sec. 285h(b).

 En la comunicación, mediante la cual se le notificó la intención del Superintendente de revocarle las licencias concedidas, se le apercibió a Ranger American de su derecho a solicitar una vista administrativa ante el Superintendente de la Policía.

 La conclusión anterior, en el sentido de que el remedio de revisión provisto en la Ley de Detectives no ha sido desplazado por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), encuentra un fundamento adicional en el propio lenguaje de este último estatuto. Específicamente hacemos referencia a la Sección 5.4 de la L.P.A.U., 3 L.P.R.A. see. 2184, que estipula que “[t]oda persona a la que una agencia deniegue la concesión de una licencia ... o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo, según se establezca en la ley especial de que se trate, y en las sees. 2151 a 2168 de este título”. (Énfasis suplido.)' Como vemos, la propia L.P.A.U. refiere al proceso de revisión estatuido por “la ley especial de que se trate”, a quien interese impugnar una determinación administrativa de una agencia que deniegue la concesión de una licencia o gestión similar. Así, y cónsono con nuestros pronunciamientos, reiteramos una vez más que el remedio que tiene aquel a quien el Superintendente deniegue o revoque una licencia otorgada conforme a la Ley de Detectives, es el de revisión mediante juicio de novo ante el Tribunal de Primera Instancia que estableció el referido estatuto.

 Cabe señalar, que nada impedía que Loomis Fargo, como competidor de Ranger American, impugnara la licencia otorgada a esta última y solicitara del Superintendente la cancelación de ésta. Hemos reconocido que competidores pueden impugnar la concesión de licencias o permisos, a pesar de que éstos no fueron parte en los procedimientos administrativos celebrados para concederlos. San Antonio Maritime v. P.R. Cement Co., 153 D.P.R. 374 (2001). Esta participación es permitida siempre y cuanto el interesado demuestre tener un interés legítimo en el procedimiento. Id., págs. 389-395. El interés legítimo de un competidor puede comprender intereses económicos, ambientales y sociales. íd., pág. 393. Así, siendo el proceso de concesión de licencias y permisos uno establecido con el propósito de proteger al público, pro-cede que permitamos que una persona, natural o jurídica, solicite la cancelación de una licencia expedida según la Ley de Detectives, a pesar de que no participó o no tiene derecho a participar en el proceso celebrado para la concesión de la licencia.